113 P.2d 320

**SEELE et al. v. PURCELL.**

No. 4582.

Supreme Court of New Mexico.

March 22, 1941.

Rehearing Denied May 23, 1941.

Lake J. Frazier, of Roswell, for appellants.

O. O. Askren, of Roswell, for appellee.

BICKLEY, Justice.

Plaintiffs (appellants) sued defendant (appellee), alleging that defendant injured

Mrs. George H. Seele through the negligent and careless operation of his car, resulting in actual damages of $260 for expenses and $1,000 on account of pain, suffering and injuries. Plaintiffs also alleged that immediately following the accident, defendant promised to reimburse plaintiffs for expenses sustained as a result of medical treatment of Mrs. Seele and for her pain and suffering, but had refused so to do. Defendant answered, stating that the payments made to plaintiffs were voluntary donations, denying the allegations of the complaint, except that there had been a collision resulting in defendant's damage to plaintiffs' car, which defendant paid, and that the wife had sustained injuries. Defendant further alleged that something went wrong with his car mechanically which caused it to become completely out of control, and that within a few feet defendant was able to and did cause his car to stop, and that plaintiffs were guilty of contributory negligence. Plaintiffs replied, stating that the payments made and offered were in settlement of defendant's liability, and that the accident was the result of negligent driving by defendant without any contributory negligence on their part.

The case was tried by the judge, who made findings of fact which, so far as material to a consideration of the assignments of error, are substantially as follows: The plaintiffs were proceeding in an orderly and proper manner on the highway, when, without negligence on their part, their vehicle was struck by an automobile belonging to and operated by the defendant, on a concrete bridge near Roswell. The highway was paved for many miles on each side of the scene of the accident. Following the collision the defendant promised to pay for the damages to the plaintiffs' automobile and hospital bill, and Dr. Johnson's bill for medical services. Defendant did pay for repair bill on plaintiffs' car, but the medical bill as presented by plaintiffs included other charges which the defendant declined to pay, but offered to pay the bill of Dr. Johnson and the bill incurred at St. Mary's Hospital during the time Mrs. George H. Seele was confined therein, but the plaintiffs refused to accept the amount of said bill in settlement of the claim. Mrs. George H. Seele sustained injuries as a result of the accident.

The approach to the bridge where defendant entered is at the base of a small inclined curve. Immediately prior to the time the defendant entered said bridge, the shackle bolt on the right-hand spring of his car broke, so that the right fender dropped onto the right front tire, causing the defendant to lose control of his automobile, which thereupon smashed into the concrete abutment on the right side of the highway, and thereafter angled from the right-hand abutment of the bridge to the left-hand or east wall of the bridge on plaintiffs' side of the highway, and thereupon proceeded toward the plaintiffs for some fifteen or twenty feet, and then careened toward the right, whereupon it collided with plaintiffs' automobile. The plaintiffs turned their

car from the path of the defendant's automobile in an effort to avoid a head-on collision. The defendant was driving his automobile along the highway at a reasonable and lawful rate of speed, and when the shackle bolt broke he applied his brakes for approximately ten or twelve feet before the collision with the concrete abutment, and at the time the shackle bolt broke, the brakes were in operating condition. After striking the right-hand abutment, the defendant's car angled to the left-hand side of the abutment, striking it at a point forty-five feet west of the north end of the east abutment, then proceeded fifteen feet west in approximately a straight line, and then made a sharp right-angle turn to where the defendant collided with the Seele car, a little to the left of the middle of said bridge. The defendant, acting in the emergency thus created, was applying the foot brake and trying to steer the car and did not apply the hand brake. (The failure of defendant to apply the hand brake is vigorously asserted by plaintiffs as being a negligent omission). At the point of impact, the force of the impact caused the two automobiles to bounce and part several feet, and after the impact with plaintiffs' automobile it was impossible to move defendant's car until the right-hand fender and spring had been lifted. The defect in the shackle bolt was latent; that is, it could only be determined by taking off the shackle and bolt and examination by a mechanic, and it could not be seen by ordinary inspection and was unknown to the defendant, and the breaking of this bolt was the proximate cause of the collision and the injury sustained by Mrs. Seele.

From the findings of fact, the court concluded that the defendant is not liable to the plaintiffs or either of them, and that the complaint should be dismissed. An appeal to this court was prayed and allowed. Appellant filed a praecipe for the record which called for the testimony of the three eye-witnesses, who were the plaintiffs and defendant, and also the police officer's report. Said praecipe included the following assignment of errors:

"1.  The Court erred in finding and deciding that the accident involved in this case was unavoidable; that it was not caused by any negligence on the part of Defendant-Appellee, and that Defendant-Appellee was not liable to Plaintiffs-Appellants therefor.

"2.  The Court erred in finding and deciding that the admissions and promises of payment made by Defendant-Appellee created no liability against him in favor of Plaintiffs-Appellants."

These two assignments of error are now presented as points relied upon by appellants for reversal of the judgment.

It is apparent that the court, in weighing the testimony, had in mind what is commonly called the emergency rule in negligence cases. As applicable to the operation of motor vehicles, the rule is thus stated in 42 C.J., Motor Vehicles, § 592:

"4.  Acts in Emergencies.  Where the operator of a motor vehicle is by a sudden

emergency placed in a position of imminent peril to himself or to another, without sufficient time in which to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as is required of him under ordinary circumstances, and is not liable for injuries caused by his machine or precluded from recovering for injuries to himself or his machine if an accident occurs, even though a course of action other than that which he pursues might be more judicious, provided he exercises ordinary care in the stress of circumstances to avoid an accident.

"The sudden emergency doctrine is not an exception to the general rule requiring ordinary care in the operation of an automobile, but the emergency is one of the circumstances to be taken into consideration in determining whether the operator has exercised reasonable care, and the doctrine cannot be extended so as to justify the driver in disregarding the rights of others in the effort to save himself.

"Where the automobilist created the emergency, or brought about the perilous situation, through his own negligence, he cannot avoid liability for an injury on the ground that his acts were done in the stress of emergency.

"Where there was ample time and space to avoid an accident, the sudden emergency rule does not apply.

"Acts after emergency. The emergency rule applies only to an error of judgment with respect to the steps taken to avoid the danger suddenly thrust upon the driver, and cannot be successfully invoked to relieve him of the consequences of negligent management of his car after the emergency is past."

This rule was applied in Vigil v. Atchison, T. & S. F. R. Co., 28 N.M. 581, 215 P. 971, 973. In that case we said: "The general rule of law is that a person who is placed in a position of peril is required to use all diligence to extricate himself therefrom, and that his failure so to do precludes a recovery. There is an exception to this general rule which the courts have recognized and declared, and that is that where a person is suddenly placed in a position of peril or serious danger, and he becomes so excited or frightened that he is unable to deliberate upon the safety of the comparative courses which are open to him, he is not required to act with that degree of prudence which would otherwise be obligatory, and, under those facts, a person is not necessarily chargeable with negligence for doing, or failing to do, that which would be required of him under ordinary circumstances. The appellee testified that he was greatly excited and badly frightened, and it was for the jury to determine whether or not he was, under such conditions, negligent."

We cited this case with approval and reaffirmed the principle in Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214. This principle has been applied where a motorist loses control of automobile when attempting to prevent wife from falling out of car. Vann v. Tankersly 164 Miss. 748, 145 So.

642. It was applied where automobile driver may have committed error of judgment in his immediate action after tire blew out. Eubanks v. Kielsmeier, 171 Wash. 484, 18 P.2d 48, 51. The court said: "The respondents further contend that Mrs. Kielsmeier was guilty of negligence in her manner of operating the car after the blow-out occurred; that she should have stopped the automobile sooner than she did, or else should have reduced its speed to such a point that the accident would not have happened. All of the evidence was to the effect that Mrs. Kielsmeier was a careful driver, and that her speed just prior to the accident was not excessive or such as to occasion her companions any concern. When the blow-out occurred an emergency presented itself. Respondents themselves testified that Mrs. Kielsmeier appeared to be doing all that she could to control the car. One of them testified that just before the crash Mrs. Kielsmeier cried out 'I can't hold it.' No one can anticipate what contortions an automobile will go through, or what vagaries it will pursue, when a blow-out occurs. It may steer for a telephone pole or it may seek an embankment or a ditch. The driver is usually, or at least often, powerless. Even though he may err in his immediate action, yet if it be an error of judgment only he is not to be charged with negligence for that act alone."

It was also applied in Ingle v. Cassady, 208 N.C. 497, 181 S.E. 562, digested as follows: "Injuries sustained by occupant of automobile which went over embankment when tire went flat were result of 'accident,' and motorist was not liable therefor, notwithstanding motorist, who was driving carefully and prudently before trouble started at safe speed of 35 to 40 miles per hour, stepped on accelerator instead of brakes when trouble began, since motorist was confronted with sudden emergency which required instant action without opportunity for deliberation."

In Mitchell v. Ernesto, La.App., 153 So. 66, it was decided that although automobile driver confronted with emergency might have averted accident by stopping, this does not necessarily require conclusion that adoption of another course is negligence. The Massachusetts court, in Massie v. Barker, 224 Mass. 420, 423, 113 N.E. 199, says: "If some unforeseen emergency occurs, which naturally would overpower the judgment of the ordinary careful driver of a motor vehicle, so that momentarily or for a time he is not capable of intelligent action and as a result injury is inflicted upon a third person, the driver is not negligent."

Many other illustrations may be found in the Corpus Juris text, cited supra, and annotations thereto.

The defendant testified that he was traveling about forty miles an hour and that when he approached the bridge he slowed down to thirty. About ten feet before he reached the bridge the shackle bolt broke. As we compute it, a car traveling thirty miles an hour would go eighty-eight

feet in two seconds. The entire distance traveled by defendant after the mishap of the shackle bolt breaking would, therefore, be compassed in less than two seconds. This is not much time in which to form accurate judgments, particularly when the defendant was "excited" in the presence of the emergency described in this case. Ordinarily the fundamental doctrine which links liability to fault or blame is acceptable. When an injury is inflicted through a motor vehicle operated by defendant, and circumstances give rise to the application of the emergency principle, then the plaintiff's task of discharging the burden of proof resting upon him becomes more burdensome. We are not prepared to say that the conclusion of the trial court that plaintiffs failed to discharge this burden is erroneous.

We think there is substantial evidence to support the court's finding and conclusion that the statements of the defendant relative to payment of damages to plaintiffs' car and for certain expenses for treating the injuries of Mrs. Seele did not, under all the testimony, establish plaintiffs' claim of liability against defendant.

Finding no error in the record, the judgment must be affirmed, and it is so ordered.

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.

On Motion for Rehearing.

BICKLEY, Justice.

Plaintiffs have moved for a rehearing on the ground that the trial court went outside the issues in deciding that the injuries of plaintiffs were the result of an unavoidable accident, and they complain because we did not discuss this point in our opinion. It must not be thought because we do not reply to all the arguments of counsel that such arguments have not been duly considered. In the present instance we thought the matter so well settled in this jurisdiction and elsewhere that no comment was necessary. However, the zeal and insistence of counsel for appellants have caused us to go over the matter again, and we conclude that it may be of service to the bar if we discuss the point briefly.

Plaintiffs pleaded defendant's negligence; defendant pleaded the general denial and contributory negligence of the plaintiffs, which latter defense was denied by plaintiffs. Plaintiffs say that because defendant pleaded contributory negligence in them, he admitted his own negligence, though only "for the purpose of the plea" (Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214, 220) and, therefore, the court was unwarranted in rendering its decision on the basis of unavoidable accident. They say defendant should have admitted the accident in question, and averred that plaintiffs were not negligent in any respect, and that defendant was not negligent in any respect. They cite in support of this view Uncapher v. Baltimore & O. R. Co., 127 Ohio St. 351, 188 N.E. 553.

This view is out of harmony with the decided weight of authority. In 45 C. J., Negligence, § 730, it is said: "As in all

civil cases, the general issue or general denial puts in issue all the material allegations of the complaint, which plaintiff must prove to maintain his action, * * * Under such issue defendant may show the absence of negligence on his part; * * * or that the injury was the result of an unavoidable accident; but as to this there is authority to the contrary on the theory that such defense is an affirmative one that should be specially pleaded."

We have examined the annotations to Corpus Juris down to date, and we find a number of more recent decisions supporting that portion of the text, stating, "or that the injury was the result of an unavoidable accident," and none supporting the contrary view. Starting with New Mexico, we quote the holdings as digested:

"In action for personal injuries, defendant's general denial of negligence held sufficient to permit proof of third person's negligence." Miranda v. Halama-Enderstein Co., 37 N.M. 87, 18 P.2d 1019.

"Proof of accident is admissible under general denial." Yawitz v. Novak, Mo. Sup., 286 S.W. 66.

"Defendant under general denial of his own negligence can show that injury resulted from any other cause." Russell v. Bayne, 45 Ga.App. 55, 163 S.E. 290.

"Question whether negligence was proximate cause of damage can be raised under plea of general issue." Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741, 742.

"Under general denial, any facts may be shown tending to disprove negligence charged." Hornsby v. Fisher, Mo.Sup., 85 S.W.2d 589.

"The defense of unavoidable accident is available under general denial, if raised by the evidence." Sterling v. Community Natural Gas Co., Tex.Civ.App., 105 S.W.2d 776.

"Under a general denial by defendant of a general allegation of negligence, defendant may rely on defense of unavoidable accident and does not waive such defense by failure to plead it, and in such case instruction on doctrine of unavoidable accident upon request is proper." Sitkei v. Ralphs Grocery Co., 25 Cal.App.2d 294, 77 P.2d 311, 312.

"Defendant in personal injury suit may show under general denial that casualty happened in different manner than that claimed by plaintiff, as such showing does not constitute affirmative defense, but merely effort to disprove plaintiff's cause of action, and is not a confession and avoidance." Weishaar v. Kansas City Public Service Co., Mo.App., 128 S.W.2d 332, 333.

"A general denial by defendant in a negligence case puts in issue the matter of unavoidable accident." Sproles Motor Freight Lines v. Juge, Tex.Civ.App., 123 S.W.2d 919.

"In action for injury sustained by plaintiff who was engaged in cold drink business when bottled soft drink exploded and piece of glass bottle struck plaintiff, de-

fendants' general denial put in issue question whether injury resulted from unavoidable accident, which was not required to be pleaded." Alagood v. Coca Cola Bottling Co., Tex.Civ.App., 135 S.W.2d 1056.

The motion for rehearing should be denied, and it is so ordered.

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.