MITTIE MAE COPPLE v. DUNCAN TALMADGE WARNER, JR. AND JERRY WAYNE WEST.

(Filed 19 December 1963.)

**1. Pleadings § 2—**

> A cause of action consists of the facts alleged in the complaint. G.S. 1-122(2).

**2. Pleadings § 12—**

> A demurrer admits the facts alleged in the pleading but not the pleader's legal conclusions.

**3. Automobiles §§ 35, 43— Author of negligence causing first collision not resulting in injury is not jointly liable with author of negligence independently causing second collision.**

> Plaintiff passenger's complaint alleged that while she was sitting in a stationary car on her right side of the highway after it had collided with

another car which had approached the intersection from plaintiff's right, and after the driver of the car in which she was riding had gotten out to disengage the cars, a third car, approaching from the opposite direction at excessive speed, was driven to its left of the center of the highway and collided with the stationary cars, resulting in personal injuries to plaintiff. *Held:* There being no allegation that plaintiff suffered any injury from the first collision, and no allegation that either of the stationary cars blocked to any extent the lane of travel of the third vehicle, the position of the stationary cars on the highway was a mere circumstance and not a proximate cause of the second collision, and the complaint fails to state a cause of action against the driver of the other car involved in the first collision.

**4. Pleadings § 18—**

Where the complaint fails to state a cause of action against one of two defendants and such defendant's demurrer on this ground is sustained, the question raised by demurrer for misjoinder of parties and causes of action is eliminated.

**5. Pleadings § 21.1—**

Where the record indicates that a demurrer was sustained on incorrect grounds, the cause will be remanded for order sustaining the demurrer for the correct reason.

**6. Automobiles § 35—**

Complaint alleging that a driver approaching from the opposite direction drove to his left of the center line of the highway and collided with two stationary cars, inflicting injuries to plaintiff, who was sitting in one of them, *held* to state a cause of action against such driver.

APPEAL by plaintiff from *Latham, Special Judge,* July 1963 Regular Session of ALAMANCE.

Plaintiff's action is to recover damages from defendants, jointly and severally, for personal injuries she alleges she sustained on account of their joint and concurrent negligence. The hearing below was on defendants' (separate) demurrers to the complaint.

Plaintiff's factual allegations, summarized except when quoted, are as follows:

On March 17, 1963, about 9:00 p.m., Charles A. Copple, plaintiff's husband, was operating his Studebaker automobile in a general *easterly* direction along N. C. Highway No. 62, a two-lane highway, approaching its intersection with Rural Paved Road No. 1129. Plaintiff was a guest passenger in her husband's car.

On the said occasion, defendant Warner was operating his Ford automobile in a general *northerly* direction on Rural Paved Road No. 1129 approaching its intersection with N. C. Highway No. 62. Warner did not stop in obedience to a stop sign facing him but drove upon No. 62 and collided with the Copple Studebaker.

The collision between the Copple and Warner cars "occurred in the east bound lane of N. C. Hwy. No. 62." The "right front fender" of the Copple car "collided with the left rear fender" of the Warner car. Plaintiff's husband "got out of his car and attempted to pull his automobile's fender loose from that of defendant Warner's automobile." Plaintiff remained "seated in the right front seat of her husband's car."

"(A)lmost immediately following" the said collision between the Copple and Warner cars, defendant West, operating his Ford in a general *westerly* direction on N. C. Highway No. 62, approached said intersection "at a high, dangerous and unlawful rate of speed" and "negligently, carelessly and wrongfully drove his automobile across the center line of said Hwy. No. 62 and collided with defendant Warner's 1950 Ford and with the automobile in which plaintiff was seated as aforesaid, causing plaintiff's head to be propelled into and through the windshield of said 1959 Studebaker automobile and inflicting upon her the severe and permanent injuries hereinafter set forth."

Plaintiff alleges the respects in which Warner was negligent, alleges the respects in which West was negligent, and alleges the negligent acts of the defendants, "acting jointly, concurrently and successively," proximately caused plaintiff's injuries.

Plaintiff's allegations as to the negligent acts of West include the following: He "failed and neglected to drive his automobile upon the right half of the highway, in that (he) drove his automobile across the center line of said Hwy. No. 62 and into the lane of travel in which the automobile in which plaintiff was riding was situated . . ." He "failed and neglected to yield at least one half of the main travelled portion of the highway to the automobile in which plaintiff was riding, by driving his automobile across the center line of Hwy. No. 62 into plaintiff's husband's lane of travel . . ."

Warner demurred on two grounds, namely: 1. That the complaint does not allege facts sufficient to constitute a cause of action against him in that (a) plaintiff does not allege she was injured as a result of the first collision, and (b) the *facts* alleged disclose the negligence of West was the sole proximate cause of the second collision and of plaintiff's injuries. 2. That there is a misjoinder of parties and causes of action.

West demurred on two grounds, namely: 1. That the complaint does not state facts sufficient to constitute a cause of action against him in that it appears upon the face of the complaint that the negligence of Warner "was the sole proximate cause of the collision and the resulting damages." 2. That "there is a misjoinder of causes of actions."

In separate orders, the court sustained the demurrer of each defendant and dismissed the action as to him. Plaintiff excepted to each of these orders and appealed.

*Harold T. Dodge for plaintiff appellant.*
*Sanders & Holt for defendant appellee Warner.*
*Thomas D. Cooper for defendant appellee West.*

BOBBITT, J. We consider first the demurrer of Warner.

Plaintiff alleges her injuries were proximately caused by the second collision, that is, when the West car collided with the Copple and Warner cars. Whether there is a misjoinder of parties and causes of action depends upon legal principles stated in *Batts v. Faggart, ante,* 641, and cases cited. If, as defendant Warner asserts, the complaint does not allege facts sufficient to constitute a cause of action against him, there is no misjoinder of parties and causes of action.

A cause of action consists of the *facts* alleged in the complaint. G.S. 1-122(2); *Lassiter v. R.R.,* 136 N.C. 89, 48 S.E. 642; *Stamey v. Membership Corp.,* 249 N.C. 90, 94, 105 S.E. 2d 282. The *facts* alleged, but not the pleader's legal conclusions, are deemed admitted where the sufficiency of a complaint is tested by demurrer. *Skipper v. Cheatham,* 249 N.C. 706, 710, 107 S.E. 2d 625.

The crucial question is whether, upon the *facts* alleged, the alleged negligence of Warner, conceding Warner's negligence proximately caused the first collision, may be considered a (concurring) proximate cause of the second collision.

While plaintiff alleged the second collision occurred "almost immediately following" the first collision, there was sufficient time between the first and second collisions according to plaintiff's allegations for Copple to get out of his car and engage in an attempt to pull loose the fenders of the Copple and Warner cars. The only reasonable inference to be drawn from plaintiff's allegations is that the Copple and Warner cars had collided and were at a standstill before West was in close proximity to said intersection.

Plaintiff does not allege the (right) lane for westbound travel on No. 62 was in any manner or to any extent blocked by the Copple car, the Warner car or otherwise. She alleges West traveling west on No. 62 did not yield at least one-half of the main traveled portion of the highway but negligently and wrongfully drove his car across the center line of No. 62 and there collided with the Copple and Warner cars.

In our view, plaintiff's factual allegations are insufficient to show

that negligence on the part of Warner in proximately causing the first collision was a (concurring) proximate cause of the second collision. The presence of the Copple and Warner cars in the (right) lane for *eastbound* travel on No. 62 must be regarded as a circumstance of the accident and not its proximate cause. *Lee v. Upholstery Co.*, 227 N.C. 88, 90, 40 S.E. 2d 688, and cases cited; *Henderson v. Henderson*, 239 N.C. 487, 492, 80 S.E. 2d 383. Warner's demurrer should have been sustained on the ground the complaint as to Warner did not allege facts sufficient to constitute a cause of action, thereby eliminating the question as to the misjoinder of parties and causes of action.

The court's order does not indicate the ground on which Warner's demurrer was sustained. Presumably, since the order dismisses the action, the demurrer was sustained on the ground of misjoinder of parties and causes of action. As indicated, such ruling was erroneous. In these circumstances, the order relating to Warner's demurrer is vacated and the cause is remanded for the entry of an order sustaining Warner's demurrer on the specific ground that, as to Warner, the complaint does not allege facts sufficient to constitute a cause of action.

As to the demurrer of defendant West: Obviously, the complaint alleges facts sufficient to constitute a cause of action against West for the injuries plaintiff alleges she sustained, namely, injuries proximately caused by said second collision. Moreover, since plaintiff has not alleged facts sufficient to constitute a cause of action as to Warner, there is no misjoinder of causes of action. The court erred in sustaining West's demurrer and in dismissing the action as to West. Hence, the order relating to West's demurrer is vacated and the cause remanded for the entry of an order overruling West's demurrer in its entirety.

Error and remanded.