133 S.E.2d 641 (1963)
260 N.C. 737
Mittie Mae COPPLE
v.
Duncan Talmadge WARNER, Jr. and Jerry Wayne West.
No. 738.
Supreme Court of North Carolina.
December 19, 1963.
Harold T. Dodge, Burlington, for plaintiff appellant.
Sanders & Holt, Burlington, for defendant appellee Warner.
Thomas D. Cooper, Burlington, for defendant appellee West.
BOBBITT, Justice.
We consider first the demurrer of Warner.
Plaintiff alleges her injuries were proximately caused by the second collision, that *643 is, when the West car collided with the Copple and Warner cars. Whether there is a misjoinder of parties and causes of action depends upon legal principles stated in Batts v. Faggart, ante, N.C., 133 S.E.2d 504, and cases cited. If, as defendant Warner asserts, the complaint does not allege facts sufficient to constitute a cause of action against him, there is no misjoinder of parties and causes of action.
A cause of action consists of the facts alleged in the complaint. G.S. § 1-122 (2); Lassiter v. Norfolk & C. R. Co., 136 N.C. 89, 48 S.E. 642; Stamey v. Rutherfordton Electric Membership Corp., 249 N.C. 90, 94, 105 S.E.2d 282. The facts alleged, but not the pleader's legal conclusions, are deemed admitted where the sufficiency of a complaint is tested by demurrer. Skipper v. Cheatham, 249 N.C. 706, 710, 107 S.E.2d 625.
The crucial question is whether, upon the facts alleged, the alleged negligence of Warner, conceding Warner's negligence proximately caused the first collision, may be considered a (concurring) proximate cause of the second collision.
While plaintiff alleged the second collision occurred "almost immediately following" the first collision, there was sufficient time between the first and second collisions according to plaintiff's allegations for Copple to get out of his car and engage in an attempt to pull loose the fenders of the Copple and Warner cars. The only reasonable inference to be drawn from plaintiff's allegations is that the Copple and Warner cars had collided and were at a standstill before West was in close proximity to said intersection.
Plaintiff does not allege the (right) lane for westbound travel on No. 62 was in any manner or to any extent blocked by the Copple car, the Warner car or otherwise. She alleges West traveling west on No. 62 did not yield at least one-half of the main traveled portion of the highway but negligently and wrongfully drove his car across the center line of No. 62 and there collided with the Copple and Warner cars.
In our view, plaintiff's factual allegations are insufficient to show that negligence on the part of Warner in proximately causing the first collision was a (concurring) proximate cause of the second collision. The presence of the Copple and Warner cars in the (right) lane for eastbound travel on No. 62 must be regarded as a circumstance of the accident and not its proximate cause. Lee v. Carolina Upholstery Co., 227 N.C. 88, 90, 40 S.E.2d 688, and cases cited; Henderson v. Henderson, 239 N.C. 487, 492, 80 S.E.2d 383. Warner's demurrer should have been sustained on the ground the complaint as to Warner did not allege facts sufficient to constitute a cause of action, thereby eliminating the question as to the misjoinder of parties and causes of action.
The court's order does not indicate the ground on which Warner's demurrer was sustained. Presumably, since the order dismisses the action, the demurrer was sustained on the ground of misjoinder of parties and causes of action. As indicated, such ruling was erroneous. In these circumstances, the order relating to Warner's demurrer is vacated and the cause is remanded for the entry of an order sustaining Warner's demurrer on the specific ground that, as to Warner, the complaint does not allege facts sufficient to constitute a cause of action.
As to the demurrer of defendant West: Obviously, the complaint alleges facts sufficient to constitute a cause of action against West for the injuries plaintiff alleges she sustained, namely, injuries proximately caused by said second collision. Moreover, since plaintiff has not alleged facts sufficient to constitute a cause of action as to Warner, there is no misjoinder of causes of action. The court erred in sustaining West's demurrer and in dismissing *644 the action as to West. Hence, the order relating to West's demurrer is vacated and the cause remanded for the entry of an order overruling West's demurrer in its entirety.
Error and remanded.