470 P.2d 563

George G. KELLY, Plaintiff-Appellant,

v.

Lawrence MONTOYA, John S. Ward, Darvel D. Richins, Richins Bros., Inc., and Norbert E. O'Connor, Defendants-Appellees.

No. 429.

Court of Appeals of New Mexico.

May 8, 1970.

Avelino V. Gutierrez, Albuquerque, for appellant.

Jackson O. Akin, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellee Montoya.

J. J. Monroe, Iden & Johnson, Albuquerque, for appellee Ward.

Frank H. Allen, Jr., Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellee Richins.

Eugene E. Klecan, Albuquerque, for appellee O'Connor.

## OPINION

WOOD, Judge.

■ Plaintiff was injured in a multi-vehicle accident. The trial court granted defendants' motion for summary judgment. Summary judgment is not proper where there is the slightest issue as to a material fact. In deciding a motion for summary judgment, the trial court must view the matters presented and considered by it in the most favorable aspect they will bear in support of the right to a trial on the issues. Perry v. Color Title of New Mexico, 81 N.M. 143, 464 P.2d 562 (Ct.App.1970). We reverse the summary judgment discussing: (1) statutory violation; (2) foreseeability; (3) proximate cause and independent intervening cause; and (4) the burden of the party opposing summary judgment.

The accident occurred on a highway east of Deming, during daylight, but also during a sand storm. The wind was strong and gusting. Because of the sand and wind gusts, visibility varied from zero to two hundred feet.

The first accident occurred when Montoya and Ward, both across the center line of the highway, collided. There is evidence that a vehicle, or two, stopped on the highway behind Ward's vehicle. Next to stop was Richins (defendants Richins and Richins Bros., Inc.). O'Connor stopped behind Richins. Kenosha (Kenosha Auto Transport Corporation and Woodburn) stopped behind O'Connor.

The second accident occurred when Baumer (Baumer Foods, Inc. and Logan) ran into the rear of Kenosha. Kenosha in turn, collided with O'Connor and Richins, and O'Connor collided with Richins.

Plaintiff, a passenger in the Baumer truck, sued for personal injuries. His claim against Kenosha and Baumer has been settled. The trial court granted summary judgment in favor of Montoya, Ward, Richins and O'Connor. Plaintiff appeals.

When we refer to "testimony" or "evidence," we refer to that which appears in the depositions.

*Statutory violation.*

Plaintiff says there are several issues of negligence. We need consider only one of them. Section 64–18–49(a), N.M.S.A.1953 (Repl.Vol. 9, pt. 2) provides in part:

"* * * [N]o person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, * * *."

There is testimony that the highway at the accident scene had good eight foot shoulders, that the descent from the shoulders to the bar ditch was not steep, that vehicles drove onto the shoulder and into the bar ditch area and beyond. There is testimony that both the Montoya and Ward vehicles were driveable after their accident, and that some ten minutes elapsed between the two accidents.

Richins and O'Connor do not dispute that a factual issue existed as to their violation of § 64–18–49(a), supra; Montoya and Ward do. These two defendants, relying on selected testimony, assert their cars were off the highway at the time of the

second collision. They assert the only testimony to the contrary is that of the investigating State Police officer; they claim this officer's testimony raised no factual issue because he admitted to uncertainty as to the location of the Montoya and Ward cars when he arrived on the scene.

Contradictory inferences may be drawn from the officer's testimony. At one place he said the vehicles were still on the road. At another place it is indicated the officer had made a sworn statement that the two vehicles were on the road. Other parts of his testimony seem to contradict this.

■■ The fact that contradictory inferences exist shows that the evidence is not undisputed. The conflict in the testimony of a single witness is to be resolved by the trier of fact. Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967). The trial court could not properly resolve such conflict on a motion for summary judgment for by doing so, it would be weighing the evidence. It is not the function of the trial court to weigh the evidence in considering a motion for summary judgment; such a motion may be granted only where the facts are undisputed. Johnson v. J. S. & H. Construction Co., 81 N.M. 42, 462 P.2d 627 (Ct.App.1969).

■ There being factual issues as to the violation of § 64–18–49(a), supra, there are factual issues as to the negligence of each of the four defendants. Gould v. Brown Construction Company, 75 N.M. 113, 401 P.2d 100 (1965); Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799 (1962); Williams v. Neff, 64 N.M. 182, 326 P.2d 1073 (1958).

*Foreseeability.*

Defendants assert that even if they violated a statute, they could not be held negligent because of a lack of foreseeability. They rely on Anderson v. Jones, 66 Ill. App.2d 407, 213 N.E.2d 627 (1966). In that case Jones was in the same position as Montoya and Ward in this case. There, as here, cars had stopped on the highway after the first accident and before the second accident occurred. Anderson was in the last car which had stopped when Zehr's car rear-ended Anderson's car. In ruling the second accident was not foreseeable, the Illinois court states:

"It is quite clear that the immediate cause of plaintiffs' injuries and damages was the force set in motion through the negligent act of Zehr. The force set in motion by Jones had spent itself. It was in repose. It was quiescent. The incident was at an end. Plaintiffs were home free save for the wrongful act of Zehr. Jones, too, is home free from responsibility unless it can be said that he should have reasonably anticipated or reasonably foreseen these or like results or that these or like results were reasonably probable. If they were, the causal connection is not broken. If they were not, Jones is effectively insulated from responsibility and the new force of Zehr is the sole and proximate cause of plaintiffs' injuries."

Defendants state that if Jones could not have foreseen the consequences of his negligence in Anderson v. Jones, supra, then they, and particularly Montoya and Ward, could not have foreseen the consequences of their asserted statutory violation in blocking the highway.

We agree that Anderson v. Jones, supra, is factually similar to our case. Is the legal result from those facts in Illinois the law of New Mexico?

■ In New Mexico, foreseeability is an element of negligence. Martin v. Board of Education of City of Albuquerque, 79 N.M. 636, 447 P.2d 516 (1968); see Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967). U.J.I. 12.1 defines negligence in terms of foreseeability. The committee comment to U.J.I. 11.-1, citing New Mexico authority, states:

"The violation of a statute which is enacted for the benefit or protection of the party claiming injury from the violator or for the benefit or protection of a class of the public to which such person is a member is negligence per se. * * *"

It seems obvious to us that a traffic statute such as § 64-18-49(a), supra, was enacted for the benefit of persons using our highways. Plaintiff, a person using the highway, had the benefit of such statute. Why? Because, in our opinion, it is foreseeable that violations of a traffic rule may cause accidents. "Foreseeability does not mean that the precise hazard or the exact consequences which were encountered should have been foreseen. * * *" Harless v. Ewing, 80 N.M. 149, 452 P.2d 483 (Ct.App.1969).

Since it is foreseeable that blocking the highway may cause other persons to have accidents, a violation of the statute which prohibits such blocking is negligence per se. The rule, that violation of the statute is negligence per se, includes the element of foreseeability where, as here, plaintiff is a beneficiary of the statute violated. The holding as to foreseeability in Anderson v. Jones, supra, does not state New Mexico law, and is not applicable.

Even without the foregoing, there is a factual issue as to foreseeability in this case. The State Police officer testified: "* * * there's a lot of them stops on the roadway, and we have a lot of accidents the same way." This is evidence of the foreseeability of an accident from stopping on the highway.

There being factual issues as to a statutory violation, there were factual issues as to the negligence of each of the four defendants. The factual issue of negligence includes the factual issue of foreseeability. Martin v. Board of Education of City of Albuquerque, supra.

*Proximate cause—independent intervening cause.*

Defendants contend the act of Baumer, in running into the stopped vehicles, intervened between any negligence on their part and plaintiff's injuries. The result of this intervening act, according to defendants, is to reduce their asserted negligence to a remote cause, or to a condition which did no more than make the second accident possible. Since, according to defendants, their negligence is either a remote cause, or a condition, it is not the proximate cause of plaintiff's injuries. A corollary of this premise is that Baumer's negligence is an independent intervening cause.

The Oklahoma law, on which defendants rely, supports these contentions. Haworth v. Mosher, 395 F.2d 566 (10th Cir. 1968); Beesley v. United States, 364 F.2d 194 (10th Cir. 1966); Evans v. Caldwell, 429 P.2d 962 (Okl.1967); Transport Indemnity Company v. Page, 406 P.2d 980 (Okl. 1965); Porter v. Norton-Stuart Pontiac-Cadillac of Enid, 405 P.2d 109 (Okl. 1965). As stated in Beesley v. United States, supra:

"The Oklahoma Supreme Court has developed a clear expression of the law of proximate cause in Oklahoma. The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury. * * * Where the negligence complained of only creates a condition which thereafter reacts with a subsequent, independent, unforeseeable, distinct agency and produces an injury, the original negligence is the remote rather than the proximate cause thereof. This is held to be true though injury would not have occurred except for the original act. * * * Thus the proximate cause of an event must be that which in the natural and continuous sequence, unbroken by any independent cause, produces that event and without which that event would not have occurred. * * *"

Is the Oklahoma view the law of New Mexico?

The Oklahoma rule, according to the above quotation, includes the view that the second accident was unforeseeable. We have held that foreseeability is an issue included within the factual issue of negligence.

Also, according to the above quotation, the second accident was independent of the asserted negligence of defendants even though plaintiff's injury "* * * would

not have occurred except for the original act * * *."

■■ A partial definition of proximate cause is "* * * that which * * * produces the injury, and without which the injury would not have occurred. * * *" Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507 (1955). For an intervening act to be an independent cause, Thompson v. Anderman, supra, states: "* * * Such intervening cause must be sufficient in and of itself to break the natural sequence of the first negligence * * *."

If plaintiff's injuries would not have occurred except for the alleged negligence of the defendants, their negligence is a proximate cause of the injuries. If, however, the second accident broke the natural sequence of defendants' asserted negligence, if the second accident is the one without which the injuries would not have occurred, the second accident was the proximate cause of plaintiff's injuries. If the second accident did break the natural sequence of events resulting from the asserted negligence of defendants, the second accident would be an independent intervening cause. If, however, plaintiff's injuries "would not have occurred except for the original act" of the defendants, the second accident was not an independent intervening cause. New Mexico law on independent intervening cause is not the same as the quoted statement of Oklahoma law.

■ Nor is the Oklahoma view of remote cause the New Mexico law. The proximate cause of an injury, in New Mexico, need not be the last act, or the nearest act to the injury, but may be one which actually aided in producing the injury. Proximate cause need not be the sole cause, but it must be a concurring cause. Ortega v. Texas-New Mexico Railway Company, 70 N.M. 58, 370 P.2d 201 (1962). Thompson v. Anderman, supra, states:

"* * * Where a person by his own negligence produces a dangerous condition of things, which does not become active for mischief until another person has operated upon it by the commission of another negligent act, which might not unreasonably be foreseen to occur, the original act of negligence is then regarded as the proximate cause of the injury which finally results."

Thus, if defendants' asserted negligence became active by the negligence of another, their negligence has greater legal effect than a "condition which made the second accident possible." Their negligence may be regarded as the proximate cause of the injury which finally results.

Being contrary to New Mexico law, Oklahoma law is not authority for the summary judgment.

Defendants rely on two other cases. Bell v. Fore, 419 S.W.2d 686 (Tex.Civ. App.1967) applies the "remote cause" or "condition" concept which is contrary to New Mexico law. In Copple v. Warner, 260 N.C. 727, 133 S.E.2d 641 (1963), the first collision between cars A and B, was caused by car B. This collision blocked the eastbound lane of the highway. Car C was proceeding west in the unblocked westbound lane. The second collision occurred when car C drove across the center line and collided with cars A and B. It was held that these facts were insufficient to show any negligence on the part of car B that was a proximate or concurring proximate cause of the second collision. The factual situation here is different, there being testimony that each of the defendants here, to some extent, was blocking the lane of travel in which the second collision in this case occurred. Neither case is authority for the summary judgment.

Was the asserted negligence of any, or each, of the four defendants a proximate cause of plaintiff's injuries? Was the second accident an independent intervening cause? Did the alleged negligence of any of the defendants concur with the alleged negligence of anyone else (Kenosha or Baumer) in causing plaintiff's injuries? If reasonable minds might differ on these issues, the matter is for the jury. Rivera v. Ancient City Oil Corporation, 61 N.M. 473, 302 P.2d 953 (1956).

Reasonable minds could differ on these issues because there are disputed facts and because the reasonable inferences from those facts are contradictory. Harless v. Ewing, supra. For example: If it were practicable for each of the defendants to have parked their vehicles off the road between the time of the first and second collisions, and they did not do so, did the second accident result because their vehicles were on the pavement, or did it result from the speed of the Baumer truck, or the driver's failure to keep a proper lookout or his failure to properly control his truck under the existing conditions of visibility? If the Kenosha truck, with which the Baumer truck initially collided, was negligent in blocking the highway, did the alleged negligence of these defendants concur with Kenosha? There are factual issues of causation as to each of the four defendants.

*Burden of the party opposing summary judgment.*

O'Connor reviews the testimony to show that the presence of his vehicle had no bearing on the accident. He asserts that since our Supreme Court agreed with the trial court in Gould v. Brown Construction Company, supra, that the issue of causation in that dust storm case was for the jury, that here we should agree with the trial court that the issue is one of law. He reminds us, relying on Seele v. Purcell, 45 N.M. 176, 113 P.2d 320 (1941), the plaintiffs have the burden of proof and that where defendants have acted in an emergency, the burden on plaintiff "becomes more burdensome." He asserts this case is a similar situation and that plaintiff failed to meet that burden.

O'Connor's claims are without merit. In Gould v. Brown Construction Company, supra, the issues were decided by the jury after trial. Here, the trial judge decided them as a matter of law. Since reasonable minds might differ on these issues, they are to be tried. In Seele v. Purcell, supra, plaintiff was held to have failed in the burden of proof after a trial. O'Connor

would have us hold that plaintiff has failed to meet his burden without allowing him a trial.

The issues here were decided on a motion for summary judgment. "A party moving for summary judgment has the burden of establishing that there is no material issue of fact to be determined by the fact finder and that he is entitled to judgment as a matter of law. * * * The burden is not on the opposing party to prove a prima facie case. * * *" Barber's Super Markets, Inc. v. Stryker, 81 N.M. 227, 465 P.2d 284 (1970). Plaintiff did not have the burden in the summary judgment proceeding. O'Connor, and the other three defendants, did. They failed to meet it.

Reversed and remanded for trial.

It is so ordered.

HENDLEY, J., concurs.

OMAN, Judge (dissenting).

I agree with the majority concerning the law applicable in ruling on a motion for summary judgment. I also agree that in the light of this law there are factual issues as to whether the defendants here involved violated § 64–18–49(a), N.M.S.A. 1953 (Repl. 9, pt. 2). The essential portion of this section of our statutes is quoted in the majority opinion.

I also agree "foreseeability" is one of the tests ordinarily to be considered and applied in determining the factual question of negligence, and that the violation of a statutory rule of the road constitutes negligence per se. However, I disagree with the majority's disposition of the "foreseeability" issue in this case, insofar as it relates to the questions of "proximate cause" and "independent intervening cause," and I disagree with the majority holding that there is a question of fact as to whether the negligence of these defendants was a proximate cause of the second accident and plaintiff's resulting injuries.

I agree with the following statements of the majority concerning the law of "proxi-

mate cause" and "independent intervening cause":

"A partial definition of proximate cause is '* * * that which * * * produces the injury, and without which the injury would not have occurred. * * *' Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507 (1955). For an intervening act to be an independent cause, Thompson v. Anderman, supra, states: '* * * Such intervening cause must be sufficient in and of itself to break the natural sequence of the first negligence * * *.'

"If plaintiff's injuries would not have occurred except for the alleged negligence of the defendants, their negligence is a proximate cause of the injuries. If, however, the second accident broke the natural sequence of defendants' asserted negligence, if the second accident is the one without which the injuries would not have occurred, the second accident was the proximate cause of plaintiff's injuries. If the second accident did break the natural sequence of events resulting from the asserted negligence of defendants, the second accident would be an independent intervening cause. If, however, plaintiff's injuries 'would not have occurred except for the original act' of the defendants, the second accident was not an independent intervening cause. * * *"

I disagree with the majority statement that the opinion of the Illinois Court in Anderson v. Jones, 66 Ill.App.2d 407, 213 N.E.2d 627 (1966) "* * * does not state New Mexico law, and is not applicable," and with the majority conclusion that under New Mexico law, as above quoted from the majority opinion, reasonable minds could differ on the question of whether the negligence of defendants could have proximately concurred in causing the second accident.

I have already stated I agree the evidence here is sufficient on the issue of the defendants' negligence to avoid summary judgment. As I understand the opinion of the Illinois court in Anderson v. Jones, supra, the negligence of Jones was conceded. The concern of the Illinois court with "foreseeability" was whether the second accident, precipitated by the "intervening cause"—the conduct of Zehr in running into the rear of plaintiff's vehicle—could have been reasonably foreseen as a result of the original act of negligence—the conduct of Jones in causing the first collision. If it could have been so reasonably foreseen, then the negligence of Zehr was not an "independent intervening cause," which could have broken the chain of causation between the negligence of Jones and the injury to plaintiff. This is consistent with the law of New Mexico. U.J.I. 13.-15; Thompson v. Anderman, supra, cited in the above quotation from the majority opinion. See also, Annot., 58 A.L.R.2d 270 (1958), and particularly § 2 [b] and cases cited therein as showing that "foreseeability" is a test to be applied in determining whether another's negligence constitutes an "intervening cause" or merely a "concurring cause."

The majority "* * * agree that Anderson v. Jones, supra, is factually similar to our case." However, they distinguish the result reached therein from their result in the present case on the basis that "* * * the holding as to foreseeability * * *" by the Illinois court * * * does not state New Mexico law, and is not applicable." As above stated, I disagree with this and can see no reason to arrive at a result directly opposite that reached by the Illinois court in a concededly similar factual situation now before us.

The majority, however, also seek to support their result by asserting that a factual issue as to foreseeability is presented by the statement of the State Police Officer that "* * * there's a lot of them stops on the roadway, and we have a lot of accidents the same way."

In my opinion this statement by the State Police Officer cannot reasonably be said to raise a question on the issue of proximate causation under the undisputed

facts before us. It may possibly, as the majority suggest, raise a question as to the negligence of defendants in stopping on the highway, but this is not the issue in the case as I see it and as I have above stated.

An examination of the evidence, in the light of the above quoted law from the majority opinion as to "proximate cause" and "independent intervening cause," demonstrates clearly to me that the negligence of the defendants in stopping or parking on the main travelled portion of the highway could not constitute a proximate cause of the second collision from which plaintiff's injuries resulted.

Here the evidence is that Kenosha (Kenosha Auto Transport Corporation and its driver Woodburn) brought its tractor and trailer to rest on the highway behind the O'Connor automobile. Woodburn remained in the vehicle about 30 seconds, and then got out, where he remained for about another 30 seconds. He heard a vehicle approaching and started to get back inside the cab of his vehicle when the Baumer vehicle collided with the rear of the Kenosha vehicle.

The Kenosha vehicle consisted of a tractor and a transport trailer on which were loaded six automobiles. Across the rear of this trailer there were a cluster of three red lights in about the center thereof and about four feet above the ground or road surface, a red clearance light on each side about 3'6" above the road surface, and two red flashing lights which were about 6" from the top of the trailer. All of these lights were burning and visible from the rear, except as their visibility may have been obscured by the dust.

Woodburn's visibility was about 200 feet ahead as he approached the O'Connor automobile, and during the time he remained stopped on the highway prior to the accident. He saw the O'Connor automobile and the Richins truck ahead. He admitted he could probably have driven off the highway.

The Baumer vehicle (driven by Logan), which collided with the rear of the Kenosha vehicle, had a gross weight of between 60,000 and 65,000 lbs. Logan was familiar with the highway and was driving at about 55 miles per hour. He saw the dust ahead, but made no effort to slow down, other than to take his foot off the accelerator, until he was inside the dust and through which he could not see. He then applied his brakes and the collision with the rear of the Kenosha vehicle occurred almost immediately. He has no recollection of seeing the Kenosha vehicle prior to the collision. He alone failed to react as had all those who preceded him, in that he did not bring his vehicle to a stop before colliding with another vehicle.

Woodburn, driver of the Kenosha vehicle, admittedly had sufficient visibility and sufficient time in which to remove his vehicle from the highway.

In my opinion, the negligence of these two drivers was not only sufficient to break the natural sequences of the negligence of the other defendants in stopping on the highway, but in fact did so, and was the proximate cause of the second collision. If the negligence of the remaining defendants could be said to have proximately caused Woodburn to stop on the highway, their negligence was at rest once Woodburn had stopped and had sufficient time to remove his vehicle from the highway. So long as he remained stopped or parked on the highway, when he could admittedly have gotten off the highway, the presence of his vehicle prevented a direct collision by an approaching vehicle with the vehicles ahead, and his negligence in so remaining on the highway interrupted the natural sequence of events which might have followed from the negligence of those stopped ahead of him. His negligence and the negligence of Logan, which, as already stated, consisted of conduct unlike that followed by all the other drivers in approaching the dust, produced a result different than that which could reasonably have been foreseen by the other defendants. The negligence of Woodburn and Logan was not only the immediate cause of the

second collision, but was the efficient producing cause thereof, and without which the plaintiff would not have been injured.

As already stated, I believe the New Mexico law compels the same result reached by the Illinois court in the factually similar case of Anderson v. Jones, supra. I agree with the majority that the Oklahoma rule, as quoted from Beesley v. United States, 364 F.2d 194 (10th Cir. 1966), appears to be somewhat different from the New Mexico rule, in that it is stated the original act is not a proximate cause of the injury even though the injury would not have occurred except for the original act. However, the New Mexico and Oklahoma definitions of proximate cause are almost identical in their wording. See U.J.I. 12.10; Haworth v. Mosher, 395 F.2d 566 (10th Cir. 1968); Beesley v. United States, supra. Proximate cause is defined in U.J.I. 12.10 as follows:

> "The proximate cause of an injury is that which in a natural and continuous sequence [unbroken by any independent intervening cause] produces the injury, and without which the injury would not have occurred. [It need not be the only cause, nor the last nor nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury]."

Regardless of whether negligently stopping on a highway be called "negligence" or a "condition," the stopping must be a proximate cause of the resulting injuries before there can be liability for the stopping. Here we are concerned only with the issue of negligence in stopping on the highway, when it was practicable to stop off the highway. There are factual issues as to whether the different defendants now before us were on or off the highway, and, if on the highway, whether it was practicable for them to have gotten off the highway. However, the negligence of Woodburn in not removing the Kenosha vehicle from the highway, when it was practicable for him to do so, and the negligence of Logan, in his operation of the Baumer vehicle, were the concurring proximate causes of this second accident. This second accident would not otherwise have occurred. The negligence of each of the defendants in this appeal in stopping on the highway was at most a remote cause, which in no way proximately contributed to the second accident and plaintiff's resulting injuries. In addition to the foregoing cited cases, compare § 4, and cases therein cited, of Annot., 58 A.L.R.2d 270 at 284.

For the reasons stated, I respectfully dissent.