**Connie DANIELL, Plaintiff,**

v.

**FORD MOTOR CO., INC., Defendant.**

**No. Civ. 83–0514BB.**

United States District Court,
D. New Mexico.

March 23, 1984.

Weems & Miller, P.A., Damon L. Weems, Farmington, N.M., for plaintiff.

Shaffer, Butt, Thornton, & Baehr, P.C., Paul L. Butt, John A. Klecan, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION AND ORDER

BALDOCK, District Judge.

THIS MATTER comes on for consideration of defendant's Motion for Summary Judgment pursuant to F.R.Civ.P. 56(c). The court, having considered the accompanying memoranda submitted by

the parties, the deposition and affidavits relied upon by the parties, and the relevant law, finds that the motion is well taken and should be granted. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c). Summary judgment is a severe remedy that should be cautiously applied. *Jones v. Nelson,* 484 F.2d 1165, 1168 (10th Cir.1973). It should not be used for resolution of factual issues appearing on the record. *Romero v. Union Pac. R.R.,* 615 F.2d 1303, 1309 (10th Cir.1980); *National Aviation Underwriters, Inc. v. Altus Flying Service, Inc.,* 555 F.2d 778, 784 (10th Cir.1977). Summary judgment is appropriate in this case, however, because certain uncontroverted facts bar plaintiff's recovery.

In 1980, the plaintiff became locked inside the trunk of a 1973 Ford LTD automobile, where she remained for some nine days. Plaintiff now seeks to recover for psychological and physical injuries arising from that occurrence. She contends that the automobile had a design defect in that the trunk lock or latch did not have an internal release or opening mechanism. She also maintains that the manufacturer is liable based on a failure to warn of this condition. Plaintiff advances several theories for recovery: (1) strict products liability under § 402A of the Restatement 2d of Torts (1965), (2) negligence, and (3) breach of express warranty and implied warranties of merchantability and fitness for a particular purpose, N.M.Stat.Ann. §§ 55–2–313, 55–2–314, & 55–2–315 (1978).

Three uncontroverted facts bar recovery under any of these theories. First, the plaintiff ended up in the trunk compartment of the automobile because she felt "overburdened" and was attempting to commit suicide. Deposition of Connie Daniell at 4–5 (May 25, 1983). Second, the purposes of an automobile trunk are to transport, stow and secure the automobile spare tire, luggage and other goods and to protect those items from elements of the weather. Affidavit of Hugh Daley at 3 (January 17, 1983). Third, the plaintiff never considered the possibility of exit from the inside of the trunk when the automobile was purchased. Deposition of Connie Daniell at 16 (May 25, 1983). Plaintiff has not set forth evidence indicating that these facts are controverted. *See* F.R. Civ.P. 56(e).

The overriding factor barring plaintiff's recovery is that she intentionally sought to end her life by crawling into an automobile trunk from which she could not escape. This is not a case where a person inadvertently became trapped inside an automobile trunk. The plaintiff was aware of the natural and probable consequences of her perilous conduct. Not only that, the plaintiff, at least initially, sought those dreadful consequences. Plaintiff, not the manufacturer of the vehicle, is responsible for this unfortunate occurrence.

Recovery under strict products liability and negligence will be discussed first because the concept of duty owed by the manufacturer to the consumer or user is the same under both theories in this case. As a general principle, a design defect is actionable only where the condition of the product is unreasonably dangerous to the user or consumer. Restatement 2d of Torts, § 402A (1965); *Skyhook Corp. v. Jasper,* 90 N.M. 143, 147, 560 P.2d 934, 938 (1977). Under strict products liability or negligence, a manufacturer has a duty to consider only those risks of injury which are foreseeable. N.M.U.J.I. Civ. 14.2 & 14.3 and U.J.I. Civil Committee Comment under 14.2 & 14.3 (1980 & 1983 Supp.) (strict products liability); *Kelly v. Montoya,* 81 N.M. 591, 593, 470 P.2d 563, 565 (Ct.App.1970) (negligence). A risk is not foreseeable by a manufacturer where a product is used in a manner which could not reasonably be anticipated by the manufacturer and that use is the cause of the plaintiff's injury. The plaintiff's injury would not be foreseeable by the manufacturer.

■ The purposes of an automobile trunk are to transport, stow and secure the automobile spare tire, luggage and other goods and to protect those items from elements of the weather. The design features of an automobile trunk make it well near impossible that an adult intentionally would enter the trunk and close the lid. The dimensions of a trunk, the height of its sill and its load floor and the efforts to first lower the trunk lid and then to engage its latch, are among the design features which encourage closing and latching the trunk lid while standing outside the vehicle. Affidavit of Hugh Daley at 3 (January 17, 1984). The court holds that the plaintiff's use of the trunk compartment as a means to attempt suicide was an unforeseeable use as a matter of law. Therefore, the manufacturer had no duty to design an internal release or opening mechanism that might have prevented this occurrence.

Nor did the manufacturer have a duty to warn the plaintiff of the danger of her conduct, given the plaintiff's unforeseeable use of the product. Another reason why the manufacturer had no duty to warn the plaintiff of the risk inherent in crawling into an automobile trunk and closing the trunk lid is because such a risk is obvious. There is no duty to warn of known dangers in strict products liability or tort. *Garrett v. Nissen*, 84 N.M. 16, 21, 498 P.2d 1359, 1364 (1972). Moreover, the potential efficacy of any warning, given the plaintiff's use of the automobile trunk compartment for a deliberate suicide attempt, is questionable.

The court notes that the automobile trunk was not defective under these circumstances. *See Rudisaile v. Hawk Aviation, Inc.*, 92 N.M. 575, 577, 592 P.2d 175, 177 (1979). The automobile trunk was not unreasonably dangerous within the contemplation of the ordinary consumer or user of such a trunk when used in the ordinary ways and for the ordinary purposes for which such a trunk is used. *Skyhook Corp. v. Jasper*, 90 N.M. 143, 147, 560 P.2d 934, 938 (1977); Restatement 2d of Torts § 402A, comment i.

Having held that the plaintiff's conception of the manufacturer's duty is in error, the court need not reach the issues of the effect of comparative negligence or other defenses such as assumption of the risk on the products liability claim. *See Scott v. Rizzo*, 96 N.M. 682 at 688–89, 634 P.2d 1234 at 1240–41 (1981) (In adopting comparative negligence, the New Mexico Supreme Court indicated that in strict products liability a plaintiff's "misconduct" would be a defense, but not a complete bar to recovery), *and also see Bendorf v. Volkswagenwerk Aktiengeselisschaft*, 88 N.M. 355, 540 P.2d 835 (1975) (precomparative negligence assumption of the risk defense). The court also does not reach the comparative negligence defense on the negligence claim.

■ Having considered the products liability and negligence claims, plaintiff's contract claims for breach of warranty are now analyzed. Plaintiff has come forward with no evidence of any express warranty regarding exit from the inside of the trunk. N.M.Stat.Ann. § 55–2–313 (1978). In accordance with Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 9(j) (D.N.M. October 25, 1983, as amended), summary judgment on the express warranty claim is appropriate.

Any implied warranty of merchantability in this case requires that the product must be fit for the ordinary purposes for which such goods are used. N.M.Stat.Ann. § 55–2–314(2)(c). The implied warranty of merchantability does not require that the buyer must prove reliance on the skill and judgment of the manufacturer. *Vitro Corp. of America v. Texas Vitrified Supply*, 71 N.M. 95, 106; 376 P.2d 41, 48 (1962) (Reese, Jr., G., D.J.). Still, the usual and ordinary purpose of an automobile trunk is to transport and store goods, including the automobile's spare tire. Plaintiff's use of the trunk was highly extraordinary, and there is no evidence that that trunk was not fit for the ordinary purpose for which it was intended.

Lastly, plaintiff's claim for a breach of implied warranty of fitness for a particular purpose, N.M.Stat.Ann. § 55–2–315 (1978),

cannot withstand summary judgment because the plaintiff has admitted that, at the time she purchased the automobile neither she nor her husband gave any particular thought to the trunk mechanism. Deposition of Connie Daniell at 15 (May 25, 1983). Plaintiff has admitted that she did not even think about getting out from inside of the trunk when purchasing the vehicle. *Id.* at 16. Plaintiff did not rely on the seller's skill or judgment to select or furnish an automobile suitable for the unfortunate purpose for which the plaintiff used it.

WHEREFORE,

IT IS ORDERED that defendant's Motion for Summary Judgment is granted.