355 P.2d 66

**Leo PORTER and Nora Porter, Plaintiffs and Appellants,**

v.

**Hyrum PRICE, Defendant and Respondent.**

No. 9151.

Supreme Court of Utah.

Aug. 24, 1960.

---

George B. Handy, Ogden, for appellants.

Kipp & Charlier, Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiffs sued defendant charging that he negligently ran his car into the car in which they were parked. From jury verdict and judgment in favor of defendant plaintiffs appeal.

On January 29, 1958, the defendant, Hyrum Price, had been a diabetic for 17 years. While he was driving his own automobile through the streets of Ogden, he suffered a severe insulin reaction which caused him

to lose control of his automobile and to crash into the automobile of the plaintiff, Leo Porter, which was facing in the opposite direction and parked at the curb on the opposite side of the street from the lane in which the defendant had been traveling, damaging the car of said Leo Porter and injuring the plaintiff, Nora Porter, who was seated inside the parked car.

The appellants contend that 1) the verdict of the jury is contrary to the evidence, 2) the court erred in instructing the jury on unavoidable accidents, 3) the court erred in failing to give certain requested instructions.

■■ The verdict of the jury must not be set aside unless a reasonable man could not come to the same conclusion even when all of the evidence and the inferences fairly derived therefrom are taken in the light most favorable to the defendant. There was sufficient evidence to the effect that Mr. Price was a well-regulated diabetic, that his routine on the day of the accident was no different than usual, that his prior insulin reactions were of a mild degree, and had never incapacitated him, and were always preceded by warning symptoms, that the severe reaction which occurred on the day of the accident had never happened to him before, that he had no reason to think it ever would happen to him, that it happened without warning, that it is a rare

occurrence generally and that its likelihood of happening to him was therefore not great enough to cause a reasonable man to act any differently than he acted. This evidence, if believed, is ample foundation to support the jury's refusal to find Mr. Price negligent.

In support of their second point, the appellants cite the California case of Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 505, 65 A.L.R.2d 1, the case most closely in line with their contention that the court erred in instructing the jury on unavoidable accidents. However, even in the Butigan case, after declaring that such an instruction should be disapproved, the court stated, "The determination whether, in a specific instance, the probable effect of the instruction has been to mislead the jury and whether the error has been prejudicial so as to require reversal depends on all the circumstances of the case, including the evidence and the other instructions given." In that case there was substantial evidence of negligence by the defendants, and there was almost no affirmative evidence that the accident resulted from any cause other than those circumstances which were under the control of an ordinary prudent man, yet the jury decided for the defendant. The court stressed this inconsistency in deciding that the instruction was prejudicial error, and such inconsistency is not present in the instant case. Here, much of the evidence

tended to show circumstances beyond the control of a reasonable man and the jury decided accordingly. Also, in the Butigan case, the instructions themselves were misleading in suggesting to the jury that they "should consider unavoidability as an issue or ground of defense separate and apart from the questions of negligence and proximate causation." Such confusion is not apparent in the instructions here.

Instruction No. 8:

"The law recognizes unavoidable accidents. An unavoidable accident is one which occurs in such a manner that it cannot justly be said to have been proximately caused by negligence as those terms are herein defined. In the event a party is damaged by an unavoidable accident, he has no right to recover, since the law requires that a person be injured by the fault or negligence of another as a prerequisite to any right to recover damages."

Instruction No. 9:

"A driver of an automobile who is stricken by paralysis, seized by a fit or otherwise rendered unconscious and who still continues to drive while unconscious and causes damages or injury to another cannot be held responsible therefor unless he was reasonably aware that he was about to lose consciousness to the extent that a person of ordinary prudence would not attempt to continue driving."

Instruction No. 10:

"You are instructed that fainting or loss of consciousness while driving is a complete defense to an action based on negligence if such loss of consciousness was not foreseeable. If you find that defendant Hyrum Price was suffering from an unforeseen insulin reaction, resulting in a fainting spell or loss of consciousness at the time of this accident, then you must return a verdict in favor of the defendant and against the plaintiffs.

"On the other hand, if the insulin shock that defendant suffered was foreseeable and he could have done something about it, and thereby avoided the accident, then and in that event he would be charged with negligence proximately causing the accident."

Instruction No. 8 on unavoidable accidents to which the plaintiffs object is not prejudicial to them, especially when read in the light of Instructions 9 and 10 immediately following it. The court explained that an unavoidable accident was one that was not proximately caused by negligence and the court then proceeded to explain what would constitute negligence in this situation. The instruction is not

confusing and does not indicate that an absence of negligence and unavoidable accident constitute two separate grounds of defense. It is true that in most cases the usual instructions on negligence and proximate cause make it sufficiently clear that the plaintiff must sustain his burden of proof on these issues in order to recover, and that in such instances an instruction on unavoidable accidents serves no useful purpose. However, there are some situations where the evidence is susceptible of being so interpreted that an accident occurred without negligence on the part of anyone, and if it is reasonably susceptible of such interpretation, and a party requests it, the trial court commits no error in so advising the jury.

The plaintiffs also complain of the court's refusal to give certain requested instructions relating to the defendant's duty in view of his knowledge that he was a diabetic and subject to attacks in which he was likely to lose consciousness. Without discussing these requests in detail, it is sufficient to say that that which was correct in them was adequately covered in the instructions which were given.

Affirmed. Costs to defendant (respondent).

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.