646 P.2d 890

### Gary D. GOODRICH and Donna Goodrich, husband and wife, Plaintiffs-Appellants,

v.

### Marie BLAIR, a widow; and Jane Doe, Special Administrator and/or Personal Representative of the Estate of Benjamin F. Blair, Defendants-Appellees.

### Irene M. DeJOHN, individually and Gina DeJohn and David DeJohn, minors, by and through their guardian ad litem, Irene M. DeJohn, Plaintiffs-Appellants,

v.

### Marie BLAIR, a widow; and Jane Doe, Special Administrator and/or Personal Representative of the Estate of Benjamin F. Blair, Defendants-Appellees.

No. 1 CA–CIV 5434.

Court of Appeals of Arizona,
Division 1, Department C.

May 6, 1982.

Rehearing Denied June 1, 1982.

Review Denied June 22, 1982.

**460**

Langerman, Begam, Lewis & Marks by Stanley J. Marks, Phoenix, for plaintiffs-appellants.

Johnson, Jessen, Dake & Oplinger, P.A. by Richard H. Oplinger, Phoenix, for defendants-appellees.

## OPINION

EUBANK, Presiding Judge.

This appeal arises from a defense verdict in an automobile negligence case involving the "sudden incapacity" defense.

Following a jury trial, a defense verdict was rendered in favor of the estate of Benjamin F. Blair, deceased, and his widow, Marie Blair. A judgment was subsequently entered on the verdict, and plaintiffs-appellants Goodrich and DeJohn appeal to this Court alleging error and undue prejudice in the form of a jury instruction regarding the "sudden incapacity" defense to negligence. We are of the opinion that the instruction was not unduly prejudicial in its effect. Therefore, the judgment is affirmed.

On December 21, 1976, Benjamin Blair applied for renewal of his driver's license. At that time, Mr. Blair was 80 years old, and was suffering from the residual effects of a previous stroke and mild heart attack. During the course of his vision test, Mr. Blair became weak and required some assistance. The extent of Mr. Blair's weakness was disputed at trial. However, the weakness was sufficient to cause the examiner to require a driving test before issuing a renewal license.

The next day, Mr. Blair reported for a driving test. During the course of this test, Mr. Blair again became weak and the driving examiner, appellant Gary Goodrich, suggested that he take a right hand turn and proceed back to the examination station. Mr. Blair failed to properly negotiate the turn, however, swinging his vehicle wide across the median and into oncoming traffic. Mr. Blair then apparently suffered a heart attack, as his body became rigid and

he accelerated the vehicle. The car rapidly accelerated and eventually struck an on-coming car occupied by appellant DeJohn and family. All persons involved in the collision were injured, and Mr. Blair was pronounced dead on arrival at the hospital. The cause of death was listed as a coronary occlusion.

The sole defense to Blair's liability at trial was that Mr. Blair had suffered from a "sudden incapacity" and was, therefore, not liable for his conduct which would other-wise be negligent per se. Appellants con-tended that the sudden incapacity defense was inapplicable because Mr. Blair knew or should have known of his failing health. Relevant testimony was taken on both sides of the issue, and the matter was submitted to the jury under the instruction in question on this appeal which we quote:

> However, the driver of an automobile is not negligent when he becomes suddenly stricken by an unforeseen cause which makes him lose control of his automobile even if he then violates a statute.

> For this defense to apply, you must find from the evidence that:

> 1. Mr. Blair lost control of his automo-bile because of some physical incapacity; and,

> 2. The physical incapacity, which caused Mr. Blair to lose control of his automobile, was one that came upon him suddenly and was of a kind that he should not reasonably foresee would oc-cur *at that time.*

> The plaintiff has the burden of proving that the defendant was negligent.

> The burden of proof is on the defend-ant to show that the accident resulted from a sudden illness or attack and loss of consciousness or control and that such was unanticipated and unforeseen. (Em-phasis added).

1. Appellants concede in their brief that the in-struction "would be acceptable" if the added phrase "at that time" were not included in the instruction.

2. The concept has occurred in other Arizona cases, however, characterized as unavoidable

The infirmity of this instruction, according to appellants, is that it requires knowledge by the defendant that a heart attack was reasonably foreseeable "at that time." Thus, appellants contend that the instruc-tion placed an impossible burden on them, in that no one could foresee such a tragedy occurring at a particular moment in time.[1]

In Arizona, the "sudden incapaci-ty" defense finds its basis in *Pacific Em-ployers Ins. Co. v. Morris*, 78 Ariz. 24, 275 P.2d 389 (1954), the only Arizona case which specifically discusses the defense.[2] The de-fense is not a departure from the reasona-ble man standard of care. *Id.* at 30, 275 P.2d at 393; Wilson, *Arizona Automobile Negligence*, §§ 27, 75 (1962). Rather, it shifts the point of inquiry away from the moment of negligent driving, and causes the jury to consider the defendant's decision to drive at all. If the defendant's health was such that a reasonably prudent man would not risk driving a car, then the de-fendant is negligent by merely undertaking the task of driving, regardless of subse-quent events. If, on the other hand, a person is not negligent in choosing to drive his car, then he is not negligent when he loses control of that car due to a heart attack. *Pacific Employers, supra.* See Rees, *supra,* n.2 at 243–44.

Viewing the sudden incapacity de-fense in this perspective, the element of time becomes important. In order for the defense to succeed, the jury must determine that, at the time the person chooses to drive and does drive his car, the physical incapaci-ty was not reasonably foreseeable. This is exactly the import of the instruction quoted above. Despite conflicting testimony, the jury apparently concluded that Mr. Blair's heart attack was not reasonably foreseeable at the time he chose to drive. Since there is testimony in the record to support this con-clusion, this Court will not disturb the jury's verdict on appeal.

accident. See cases cited in Rees, *Unavoidable Accident—A Misunderstood Concept*, 5 Ariz.L. Rev. 225 (1964), and Annot. 65 A.L.R.2d 12, *Instructions on Unavoidable Accident, or the Like, in Motor Vehicle Cases.*

Because the objection raised to the instruction in this case is very narrow, we neither indorse nor condemn the quoted instruction for purposes of subsequent cases. It is sufficient for the case at bar to say that the inclusion of the words "at that time" do not require reversal. Therefore, the judgment is affirmed.

HAIRE and CONTRERAS, JJ., concur.