Joseph KITCHEN and Richard Phillips, Plaintiffs and Appellants,

v.

CAL GAS COMPANY, INC., a California Corporation, Defendant and Appellee.

No. 910420–CA.

Court of Appeals of Utah.

Nov. 20, 1991.

---

James R. Black and Susan B. Black (argued), Wayne L. Black & Associates, Salt Lake City, for plaintiffs and appellants.

Stewart M. Hanson, Jr., Fred R. Silvester, Charles P. Sampson and Paul M. Simmons (argued), Suitter, Axland, Armstrong & Hanson, Salt Lake City, for Cal Gas.

Before BENCH, BILLINGS and GARFF, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Plaintiffs Joseph Kitchen and Richard Phillips appeal from a summary judgment in favor of defendant Cal Gas Company, Inc., in a negligence action stemming from a truck accident. Kitchen and Phillips assert there are disputed issues of material fact and, thus, the trial court erred in granting Cal Gas's motion for summary judgment. We affirm.

## FACTS

Kitchen and Phillips drove trucks for A.N.R. Freight Systems, Inc. (ANR). Kitchen and Phillips drove an ANR truck out of Los Angeles, California, heading for Salt Lake City, Utah, on February 5, 1986. They stopped at the port of entry east of Wendover, Utah, early in the morning on February 6th. At the weigh station, a Utah Highway Patrolman warned Kitchen and Phillips of black ice on Interstate Eighty beginning twelve to fourteen miles ahead, and continuing into Salt Lake City. As the truckers left the port of entry, Kitchen drove the ANR truck while Phillips climbed into the "sleeper" part of the truck's cab to rest. A Cal Gas truck passed them five minutes after the ANR truck left the port of entry. At the time, Kitchen was driving the ANR truck approximately twenty to twenty-five miles an hour on the wet, but not icy, interstate highway. Kitchen testified the Cal Gas

truck passed "in a hurry," but he did not attempt to estimate the Cal Gas truck's speed.

Kitchen first encountered black ice approximately fifteen miles later. Kitchen proceeded slowly, continuing to drive approximately twenty to twenty-five miles an hour on the icy road. A Toyota pickup truck passed the ANR truck in the left lane of the two eastbound lanes of traffic four miles after Kitchen first encountered black ice and approximately forty-five minutes after being passed by the Cal Gas truck. The Toyota turned on its high-beam headlights as it passed Kitchen. According to Kitchen, the Toyota's headlights illuminated a "shadow" lying across the road approximately a quarter mile ahead. When Kitchen saw the "shadow" ahead, he took his foot off the throttle, causing the ANR truck to slow. Almost immediately, the ANR truck was struck from behind by another large truck owned by C.R. England & Sons, Inc. The ANR truck overturned on its side, and both Kitchen and Phillips were injured. After Kitchen and Phillips were pulled from the ANR truck, they recognized the "shadow" as the Cal Gas truck that passed them earlier. The Cal Gas truck was overturned approximately 200 feet ahead of the ANR truck and was blocking the left lane and part of the right lane of the eastbound traffic.

Kitchen and Phillips subsequently brought this action against both C.R. England and Cal Gas, alleging that their truck drivers' negligence caused Kitchen's and Phillips's injuries. Prior to trial, Kitchen and Phillips reached a settlement with C.R. England. Thereafter, Cal Gas filed a motion for summary judgment claiming that, even if the Cal Gas driver had operated the Cal Gas truck negligently, such negligence could not have been the proximate cause of Kitchen's and Phillips's injuries. The trial court denied this motion. Cal Gas subsequently filed a motion for summary judgment claiming there was no evidence that the Cal Gas driver was negligent. The trial court granted Cal Gas summary judgment, concluding, as a matter of law, that

on the undisputed facts before the court, Cal Gas was not negligent.

## STANDARD OF REVIEW

On appeal, Kitchen and Phillips assert the trial court erred in granting summary judgment on the issue of Cal Gas's negligence. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56 (1991). We review a trial court's grant of summary judgment under a "correctness" standard. *Daniels v. Deseret Fed. Sav. & Loan Assoc.*, 771 P.2d 1100, 1101–02 (Utah App.), *cert. denied*, 783 P.2d 53 (Utah 1989). We accord no deference to the trial court's conclusion that the facts are not in dispute nor the court's legal conclusions based on those facts. *See Wycalis v. Guardian Title*, 780 P.2d 821, 824 (Utah App.1989), *cert. denied*, 789 P.2d 33 (Utah 1990). When determining if summary judgment is proper, we view all relevant facts, including all inferences arising from the facts, in the light most favorable to the party opposing the motion. *See Barlow Soc. v. Commercial Sec. Bank*, 723 P.2d 398, 399 (Utah 1986).

## SUMMARY JUDGMENT ON NEGLIGENCE

In this case, Kitchen and Phillips argue summary judgment was improper because there are disputed issues of fact as to whether the Cal Gas driver's negligence caused their truck to overturn and block traffic. The Cal Gas driver died shortly after the accident of causes unrelated to the accident. Kitchen and Phillips offer no direct evidence as to what caused the Cal Gas truck to overturn because of the driver's death and the lack of other witnesses. However, they assert a jury could infer the Cal Gas driver was negligent in driving at an excessive speed given the road conditions. Kitchen and Phillips claim this inference reasonably flows from Kitchen's testimony that the Cal Gas truck passed them

"in a hurry" some forty-five minutes before the accident[1] and also from the undisputed facts concerning the poor road conditions existing on the morning of the accident.

Conversely, Cal Gas argues summary judgment was proper because there is no fact, or any reasonable inference drawn from the facts, that establish the Cal Gas driver was negligent. Cal Gas contends the mere fact that the Cal Gas truck passed the ANR truck forty-five minutes prior to the accident cannot support any inferences about the Cal Gas driver's conduct just prior to the accident, particularly given the substantially different road conditions existing where the accident occurred. Additionally, Cal Gas points out that Kitchen and Phillips have offered no expert testimony as to the cause of the Cal Gas truck overturning. The trial judge agreed with Cal Gas, concluding: "on the undisputed facts viewed most favorably to the plaintiffs, no facts establish the Cal Gas driver was negligent; therefore, any such finding by a jury could only be based on speculation."

In a negligence action, the plaintiff has the burden of establishing four elements: "that the defendant owed the plaintiff a duty; that defendant breached the duty (negligence); that the breach of the duty was the proximate cause of plaintiff's injury; and that there was in fact injury." *Steffensen v. Smith's Management Corp.*, 820 P.2d 482, 485 (Utah App.

1991). The issue of negligence, or breach of a legal duty, is normally a question of fact for the jury. *See Harris v. Utah Transit Auth.*, 671 P.2d 217, 220 (Utah 1983). Accordingly, summary judgment is generally improper on the issue of negligence and only in clear-cut cases, with the exercise of great caution, should a court take the issue of negligence from the province of the jury. *See Williams v. Melby*, 699 P.2d 723, 725 (Utah 1985); *Bowen v. Riverton City*, 656 P.2d 434, 436 (Utah 1982). However, a party may not merely rely on bald assertions of negligence to overcome a motion for summary judgment. "Naked assertions of negligence, unsupported by any facts whatsoever ... [fall] far short of raising a material issue of fact on the issue of negligence." *Massey v. Utah Power & Light*, 609 P.2d 937, 938–39 (Utah 1980).[2] To have a negligence case submitted to the jury, "[a] plaintiff must submit sufficient evidence to establish a prima facie case against the defendant." *Lindsay v. Gibbons and Reed*, 27 Utah 2d 419, 497 P.2d 28, 30 (1972).

Initially, we recognize the Cal Gas driver (and, through vicarious liability, Cal Gas) owed Kitchen and Phillips a duty to act as a reasonable and prudent truck driver would have acted under the circumstances. *See Meese v. Brigham Young Univ.*, 639 P.2d 720, 723 (Utah 1981). We must decide whether there is sufficient evidence of the Cal Gas driver's breach of this duty to

1. At oral argument, counsel for Cal Gas indicated that at the same time the trial judge granted Cal Gas's motion for summary judgment, the judge also granted Cal Gas's motion in limine to exclude Kitchen's testimony as to the Cal Gas truck's speed when the Cal Gas truck passed Kitchen. In bringing this to our attention, counsel for Cal Gas seems to suggest the trial judge did not take this evidence into consideration in ruling on Cal Gas's motion for summary judgment, and likewise implies that we should not consider this evidence.

Our independent review of the trial judge's rulings suggests that the order in limine excluded the disputed portions of Kitchen's testimony from trial, not from the consideration of the matter for purposes of the summary judgment ruling. There is no indication that the trial judge did not consider this evidence when ruling on Cal Gas's motion for summary judgment.

On appeal, notwithstanding the order in limine, we consider Kitchen's testimony regarding the Cal Gas truck's speed in our review of the trial court's grant of summary judgment.

2. *See, e.g., Long v. Smith Food King Store*, 531 P.2d 360, 361–62 (Utah 1973) (summary judgment for defendant proper where pleadings and depositions showed no negligence or omission of duty of reasonable care); *Dybowski v. Ernest W. Hahn, Inc.*, 775 P.2d 445, 446–47 (Utah App. 1989) (summary judgment for defendant proper in slip and fall case where customer could not offer any evidence that defendant mall owner had acted negligently); *Robinson v. Intermountain Health Care, Inc.*, 740 P.2d 262, 266 (Utah App.1987) (summary judgment proper on issue of negligence where plaintiff has failed to secure expert testimony in medical malpractice action).

462

raise an issue of material fact, thereby requiring us to overturn the trial court's summary judgment on the issue of negligence.

■ Utah courts have long held that "[t]he mere happening of [an] accident of course does not prove that the defendants were negligent." *Horsley v. Robinson,* 112 Utah 227, 186 P.2d 592, 596 (1947). Rather, a plaintiff must offer some proof of negligence to prevail at trial. *See Massey,* 609 P.2d at 938–39. Utah courts have articulated this burden of proof principle as a rebuttable presumption: Where a driver is unavailable to testify as to his or her actions and where there is no other evidence of the driver's actions, the driver is presumed to have been exercising due care. *DeMille v. Erickson,* 23 Utah 2d 278, 462 P.2d 159, 161 (1969), *cert. denied,* 397 U.S. 1079, 90 S.Ct. 1531, 25 L.Ed.2d 814 (1970).

*DeMille* was a wrongful death action arising from a head-on automobile collision in which there were no survivors and no eyewitnesses. *Id.* 462 P.2d at 160. The only relevant evidence was that the decedent, on whose behalf plaintiff was suing, had been driving several feet over the center line in the road when the accident occurred. At the close of evidence, both parties moved for a directed verdict. The court ruled the decedent was negligent as a matter of law for driving on the wrong side of the road in the path of an approaching automobile. However, the court denied both directed verdict motions and submitted the issue of the other driver's negligence to the jury, which returned a verdict for the plaintiff-decedent. *Id.* 462 P.2d at 161. On appeal, the Utah Supreme Court reversed, holding the lower court should not have submitted the issue of negligence to the jury. The *DeMille* court pointed out that the plaintiff-decedent had submitted *no* evidence of the other automobile driver's conduct. The court explained that, because of the instinct for self preservation, the law presumes an automobile driv-

er is exercising due care and that the presumption disappears only when the opposing party produces evidence of negligence. *Id.* Because the plaintiff-decedent had produced no evidence as to the other driver's conduct, the presumption remained intact and thus the trial court erred in not granting a directed verdict in favor of the defendant driver.[3] *Id.* 462 P.2d at 162.

The *DeMille* presumption, which disappears when a prima facie case of negligence is presented, *Pearce v. Wistisen,* 701 P.2d 489, 495 (Utah 1985), is really no more than an incorporation of the evidentiary burden of proof in a negligence action. The plaintiff bears the burden of proof and must establish a prima facie case to survive summary disposal of the case. *Lindsay,* 497 P.2d at 30; *Dybowski v. Ernest W. Hahn, Inc.,* 775 P.2d 445, 446 (Utah App. 1989).

■ In light of this authority, we must now determine if Kitchen and Phillips offered any evidence of negligence to rebut the presumption that Cal Gas's driver was exercising due care at the time the truck overturned. In this case, Kitchen and Phillips produced no evidence as to the Cal Gas driver's negligence, and therefore, they cannot survive a motion for summary judgment. The Cal Gas driver's being "in a hurry" forty-five minutes prior to the accident cannot sustain an inference that the Cal Gas driver was speeding and that such speeding continued after the roads became icy. Further, we cannot say the mere fact that the Cal Gas truck was overturned in the road establishes that the Cal Gas driver acted negligently. There are numerous possible explanations as to why the truck overturned, many of which would not involve the negligence of the driver and, in this case, all of which require speculation. Submitting the issue of negligence to the jury would require the jury to engage in mere speculation as to whether the Cal Gas driver was negligent. Accordingly, be-

3. The presumption outlined in *DeMille* was established in earlier Utah cases. *See Mecham v. Allen,* 1 Utah 2d 79, 262 P.2d 285, 290 (1953); *Compton v. Ogden Union Ry. & Depot,* 120 Utah 453, 235 P.2d 515, 517 (1951). The *DeMille*

presumption was recently reaffirmed in *Pearce v. Wistisen,* 701 P.2d 489, 495 (Utah 1985) (presumption of due care rebutted where evidence indicated deceased acted negligently).

cause Kitchen and Phillips have not produced any evidentiary basis for a jury to find the Cal Gas driver acted negligently, the trial court's summary judgment for Cal Gas on the issue of negligence was proper.[4]

## RES IPSA LOQUITUR

Alternatively, Kitchen and Phillips assert the trial court erred in rejecting their argument that the Cal Gas driver's negligence can be inferred under the doctrine of res ipsa loquitur.

Res ipsa loquitur is a rule of evidence which allows a party, in certain circumstances, to raise an inference that another party has acted negligently *notwithstanding* a lack of evidence concerning the other party's actions.

> [T]he purpose of res ipsa loquitur is "to permit one who suffers injury from something under the control of another, which ordinarily would not cause injury except for the other's negligence, to present his grievance to a court or jury on the basis that an inference of negligence may reasonably be drawn from such facts; and cast the burden upon the other to make proof of what happened."

*Anderton v. Montgomery,* 607 P.2d 828, 833 (Utah 1980) (quoting *Lund v. Phillips Petroleum Co.,* 10 Utah 2d 276, 351 P.2d 952, 954 (1960)). Accordingly, the fact that Kitchen and Phillips failed to produce any evidence of negligence does not, by itself, preclude their res ipsa loquitur claim. However, before a party is entitled to proceed on a res ipsa loquitur theory, the party must satisfy a preliminary evidentiary foundation demonstrating that the facts of the case properly present a res ipsa loquitur question. *See Nixdorf v. Hicken,* 612 P.2d 348, 352 (Utah 1980). This foundation consists of three parts:

> (1) ... [T]he accident was of a kind which in the ordinary course of events, would not have happened had the defendant(s) used due care, (2) the instrument or thing causing the injury was at the time of the accident under the management and control of the defendant, and

---

4. Kitchen and Phillips contend the New Mexico Court of Appeals decision in *Kelly v. Montoya,* 81 N.M. 591, 470 P.2d 563 (Ct.App.1970) should persuade us to remand their case for a jury trial. In *Montoya,* a truck passenger was injured when the truck collided with defendants' vehicles. Defendants had stopped their vehicles in the center of the road at the scene of a prior collision that occurred during a sandstorm. *Id.* 470 P.2d at 564. The New Mexico court reversed the summary judgment for defendants, holding that material issues of fact existed as to whether defendants violated a safety statute prohibiting the leaving of vehicles on the highway.

The facts of *Montoya,* however, are distinguishable from the facts surrounding the accident in which Kitchen and Phillips were injured. In *Montoya,* there was clear evidence that the defendants violated a safety statute. The nature of defendants' conduct in *Montoya* was not in dispute: they had parked their cars on the road during the day. In our case, however, there is no evidence that the Cal Gas driver's negligence caused the truck to overturn and block the road. Thus, *Montoya* is not applicable here.

Likewise, Kitchen and Phillips argue that the Utah Supreme Court's decision in *Horsley v. Robinson,* 112 Utah 227, 186 P.2d 592 (Utah 1947), mandates reversal. Again we find this case distinguishable on its facts. In *Horsley,* a bus passenger sued for injuries sustained in an accident between a car and the bus. Because of snowy and hazardous road conditions, the car driver lost control of the car and crossed the center line of a highway. The bus was coming from the other direction and was unable to avoid the car. The plaintiff was injured when the force of the accident threw her head forward and she struck her neck on the seat in front of her. *Id.* 186 P.2d at 592–93. A jury returned a verdict for plaintiff passenger and the bus company appealed. In affirming, the Utah Supreme Court held there was sufficient evidence for the jury to infer the bus was driving at an excessive speed for the given road conditions. *Id.* 186 P.2d at 599. There, the plaintiff testified that when the accident occurred, the bus was traveling fifty miles per hour, and that when the car crossed the center line, the bus was a city block away. The *Horsley* court recognized that a jury could have reasonably found the bus driver did not have his vehicle under sufficient control for the conditions and, therefore, the court affirmed the jury award. *Id.* 186 P.2d at 600.

Unlike this case, the *Horsley* court was able to consider substantial evidence of the bus driver's conduct; therefore, the "inference" did not arise from the "mere happening" of an accident. The *Horsley* court was faced with a substantial contradiction in testimony, not with the complete lack of testimony as to the bus driver's conduct, as is the case here with regard to the Cal Gas driver's conduct. Accordingly, Kitchen and Phillips cannot rely on *Horsley* to raise an inference that the Cal Gas driver acted negligently.

(3) the accident happened irrespective of any participation at the time by the plaintiff.

*Dalley v. Utah Valley Regional Medical Center,* 791 P.2d 193, 196 (Utah 1990) (quoting *Moore v. James,* 5 Utah 2d 91, 96, 297 P.2d 221, 224 (1956)). Once a party makes this showing, there arises a "rebuttable inference of negligence which will carry the [party's] case past the motion for nonsuit." *Nixdorf,* 612 P.2d at 354. Therefore, to determine if Kitchen and Phillips were entitled to proceed under a res ipsa loquitur theory, we must evaluate the evidence in light of the above three-part test.

■ Under the first prong of the test, we must determine whether the accident in question was the kind which ordinarily does not occur in the absence of negligence. *Dalley,* 791 P.2d at 196. Kitchen and Phillips argue that, normally, a truck does not roll over in the absence of negligence. Cal Gas, on the other hand, asserts that because there is no evidence from which to infer negligence, and because of the icy road conditions, it is *not* more likely than not that the Cal Gas truck overturned due to its driver's negligence.

The Utah Supreme Court has recently outlined the analytical framework for deciding the first prong of the res ipsa loquitur test:

> Before a plaintiff is entitled to a jury instruction on *res ipsa loquitur,* the plaintiff must have presented evidence that the occurrence of the incident is "more probably than not caused by negligence." The plaintiff need not eliminate all possible inferences of non-negligence, but the *balance of probabilities must weigh in favor of negligence,* or *res ipsa loquitur* does not apply.

*Ballow v. Monroe,* 699 P.2d 719, 722 (Utah 1985) (emphasis added) (citations omitted). Further, the court recognized that "[w]hen, however, the probabilities of a situation are outside the realm of common knowledge, expert evidence may be used to establish the necessary foundational probabilities." *Id.*

Courts from several jurisdictions have held that the mere fact that a driver has lost control of a vehicle on icy roads is insufficient to meet the first prong of the res ipsa loquitur test. *See, e.g., Millonig v. Bakken,* 112 Wis.2d 445, 334 N.W.2d 80, 86–87 (1983) (rear-end collision resulting from icy roads does not raise inference of negligence under res ipsa loquitur as skidding on ice can occur without fault of driver); *Wilson v. Rushton,* 199 Kan. 659, 433 P.2d 444, 449 (1967) (automobile passenger could not sustain burden under first prong of res ipsa loquitur test in injury action arising from accident in which driver passed another automobile just as the road had suddenly changed to ice); *see also* 4 Fowler V. Harper, Flemming James, Jr. & Oscar S. Gray, *The Law of Torts,* § 19.7 at 57 (2d ed. 1986) (mere fact of vehicle sliding on icy road insufficient to raise inference of negligence under first prong of res ipsa loquitur test).

We agree with this authority as we cannot say that when a driver loses control of a vehicle on icy roads, the driver, more likely than not, was negligent. Common experience and reason suggest black ice is a hazard that threatens even the most reasonable and prudent driver. Accordingly, we find that Kitchen and Phillips have not met their burden under the first prong of the res ipsa loquitur test.

Because Kitchen and Phillips have failed to show that the accident was, more likely than not, the result of the Cal Gas driver's negligence, thus failing to meet the first prong of the res ipsa loquitur test, it is unnecessary for us to consider the other two prongs of the test. Accordingly, we affirm the trial court's ruling rejecting Kitchen's and Phillips's res ipsa loquitur claim.

## CONCLUSION

In conclusion, we affirm the trial court's summary judgment dismissing Kitchen's and Phillips's claim. Kitchen and Phillips produced no evidence that the Cal Gas driver was negligent. Furthermore, they cannot rely on the evidentiary doctrine of res ipsa loquitur to escape summary judgment

as the accident is not the type which normally does not occur in the absence of negligence.

BENCH and GARFF, JJ., concur.