Ignacio SOLORIO as personal representative of the estate of Miguel Ornelas SOLORIO; Filiberto Jimenez and Adeleda Orelas Solorio as heirs of decedent Miguel Ornelas Solorio, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Case No. 2:01CV00025K.

United States District Court,
D. Utah,
Central Division.

Oct. 15, 2002.

Warren W. Driggs, John Bradford DeBry, Robert J. DeBry & Associates, Salt Lake City, UT, for Plaintiffs.

John K. Mangum, Jeannette F. Swent, U.S. Attorney's Office, Salt Lake City, UT, for Defendant.

## MEMORANDUM DECISION AND ORDER

KIMBALL, District Judge.

This matter is before the court on Defendant's Motion for Summary Judgment. A hearing on the motion was held October 1, 2002. Defendant United States of America ("Defendant") was represented by Jeannette F. Swent and Plaintiffs[1] were represented by Warren W. Driggs. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the motion under advisement, the court has further considered the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## I. BACKGROUND

Plaintiffs brought this wrongful death action against the United States to recover for the death of Miguel Ornelas Solorio ("Mr. Solorio" or "decedent"), who was killed on April 16, 1999 when he was struck by a van owned by the Bureau of Land Management, United States Department of Interior ("BLM"), and driven by BLM employee Susan Michel ("Ms. Michel"). Decedent was a Mexican National residing and working in the United States illegally. The accident occurred at or near 8425 South State Street in Salt Lake County, the construction site at which decedent was working at the time.

Ms. Michel and a co-worker were traveling from St. George to Salt Lake City, Utah with the co-worker driving the van the majority of the trip. The co-worker drove to her home in south Salt Lake County. At that time, Ms. Michel got behind the wheel of the van and began driving to her home. Ms. Michel stated in her deposition that her last memory prior to the accident was driving past 9000 South while traveling north on State Street. One witness to the accident, Tiffany Warnick[2] ("Ms. Warnick"), testified in her deposition that she saw the van swerving in her rearview mirror just prior to the accident. Another witness to the accident, Richard Fobert, stated in his deposition that he saw the van in the air to his left and stopped to render aid. He testified that when he reached the driver's side door, he noticed that Ms. Michel's body was stiff and shaking and that her foot was stiffly pressed down on the gas pedal.

While Ms. Michel testified that she had never experienced a seizure before, experts for Defendant, Dr. Fumisuke Matsuo ("Dr. Matsuo"), board-certified neurologist, and Dr. E. Martin Caravati, board-certified in emergency medicine, testified that, Ms. Michel most likely had a first-time epileptic seizure-like event while driving causing her to lose control of the van and strike the decedent. Dr. Matsuo stated that Ms. Michel could not have reasonably foreseen the seizure's onset in time to prevent the accident. Moreover, Dr. Matsuo opined that the swerving of the van just prior to the accident would be consistent with the initial phase of an epileptic seizure and noted that Ms. Michel's brain scan, blood test, and toxicology test after the accident showed no abnormalities. Dr. Matsuo further stated that he has seen patients in his clinical practice who report having driven some distance while experiencing an epileptic seizure. In addition, Dr. Matsuo opined that there was no evidence that Ms. Michel's head hit anything other than the airbag and that it was very

---

1. Plaintiffs are Ignacio Solorio as personal representative of the estate of Miguel Ornelas Solorio; Filiberto Jimenez and Adeleda Orelas Solorio as heirs of decedent Miguel Ornelas Solorio. For purposes of this memorandum decision and order, Plaintiffs will be referred to collectively as "Plaintiffs."

2. The witnesses name was Tiffany Ridinger at the time of the accident.

highly unlikely that a minor impact to the head would trigger an epileptic seizure. Dr. Matsuo stated that it is very difficult to find an actual example of a minor blow to the head causing an epileptic seizure. Dr. Caravati agreed with Dr. Matsuo and opined that the head trauma Ms. Michel experienced was not severe enough to cause an epileptic seizure and that her CT scan was normal just after the accident.

Expert for Plaintiffs, Dr. Phillip Savia ("Dr. Savia"), a board-certified neurologist, testified that he is 99.99 percent certain Ms. Michel did not have a seizure prior to the accident but that the impact from the collision caused the seizure after the accident. However, Dr. Savia admitted that he knows of no support in medical or scientific literature for his opinion that Ms. Michel suffered a seizure due to the impact of the airbag, and that he has not faced a similar situation in his years of clinical practice. Dr. Savia also acknowledged the possibility that Ms. Michel could have been in a pre-seizure "aura state" when Ms. Warnick observed the van swerving just prior to the accident.

Defendant filed this Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 and DUCivR 56–1 on the basis that Plaintiffs cannot carry their burden of demonstrating that Defendant's employee was negligent when the van she was driving struck and killed Mr. Solorio. Specifically, Defendant argues that it is entitled to summary judgment because the evidence establishes that the driver of the van was suffering a first-time unforeseeable seizure-like event and under Utah case law, negligence cannot be found in such circumstances.

## II. STANDARD OF REVIEW

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). While the party moving for summary judgment bears the burden of demonstrating that there are no issues of material fact, the party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial. Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548. "An issue of material fact is 'genuine' if a 'reasonable jury could return a verdict for the nonmoving party.'" Universal Money Ctrs., Inc. v. AT & T Co., 22 F.3d 1527, 1529 (10th Cir.1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In examining the factual record, all facts are construed and reasonable inferences are made in the light most favorable to the nonmoving party. See Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir.1998).

## III. DISCUSSION

■ Defendant moves this court to grant summary judgment in its favor because it asserts that Plaintiffs cannot carry their burden of establishing that Ms. Michel was negligent in the accident and, in particular, that Ms. Michel breached her duty of care to the decedent. Under the Federal Tort Claims Act, the United States as a defendant is liable to the same extent as a private individual would be under the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). Hence, in Utah, a plaintiff seeking to recover for negligence must establish that (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the breach was the proximate cause of plaintiff's injuries; and (4) the plaintiff ac-

tually sustained injuries. *Braithwaite v. West Valley City Corp.* 921 P.2d 997, 999 (Utah 1996). Furthermore, the required standard of duty of reasonable care is "that which ordinary, reasonable and prudent persons would have observed under such circumstances." *Hadley v. Wood,* 9 Utah 2d 366, 345 P.2d 197, 198 (1959). Thus, a defendant can only be found liable for negligence if he acted or failed to act, which he should have foreseen was subjecting others to an unreasonable risk of harm. *Larsen v. Johnson,* 21 Utah 2d 92, 440 P.2d 886, 887 (1968).

Additionally, in Utah[3] a sudden and unforeseeable loss of consciousness that incapacitates a driver does not constitute negligence because the circumstances are beyond the control of the driver. *Porter v. Price,* 11 Utah 2d 80, 355 P.2d 66, 68 (1960).[4] For instance, in *Porter v. Price,* the Supreme Court of Utah found that there was sufficient evidence to support the jury's refusal to find a diabetic

driver negligent when he suffered a severe insulin reaction and collided with a parked automobile. *Id.* The court found that it was reasonable to conclude the driver was not negligent because his diabetes was well-regulated, his previous insulin reactions had never incapacitated him and had always occurred with warning, he could not have foreseen that he would have a severe reaction on that day, the reaction occurred without warning, and the likelihood of it happening was not great enough to cause a reasonable man to act differently from the defendant. *Id.,* 355 P.2d at 67.

Defendant argues that Plaintiffs cannot demonstrate that Ms. Michel breached her duty of care when she suffered a first-time seizure-like event while driving the van, and therefore, Plaintiffs have not carried their burden of establishing negligence, thus entitling Defendant to summary judgment. Further, Defendant asserts that Dr. Savia's testimony that he is 99.99 percent certain that Ms. Michel did not have a

3. Similarly, courts in other jurisdictions have held that a driver is not negligent when an automobile accident is caused by an unforeseeable and sudden loss of consciousness. *Cruz v. United States of America,* 987 F.Supp. 1299, 1303–04 (D.Haw.1997), *aff'd,* 165 F.3d 915, 1998 WL 833618 (9th Cir.1998) (holding as a matter of law that a driver had no duty to a pedestrian to pull over to the side of the road where his loss of consciousness due to a heart block was unforeseeable); *Langland v. United States of America,* No. Civ.A. 00–30201–FHF, 2002 WL 225937 (D.Mass. Jan.30, 2002) (finding no negligence in FTCA case where driver suddenly lost consciousness due to brain tumor that had not been diagnosed); *Goodrich v. Blair,* 132 Ariz. 459, 646 P.2d 890, 892 (App.1982) (holding that jury could conclude that a driver was not negligent where his sudden incapacity from a heart attack was not reasonably foreseeable); *Rogers v. Wilhelm–Olsen,* 748 S.W.2d 671 (Ky. Ct.App.1988) (finding no liability where driver's incapacitation resulted in an accident and was not reasonably foreseeable); *van der Hout v. Johnson,* 251 Or. 435, 446 P.2d 99, 101 (1968) (stating "[b]y the great weight of

authority a sudden and unforeseeable physical seizure rendering an operator unable to control his motor vehicle cannot be termed negligence" (citation omitted)); *Piatt v. Welch,* 974 S.W.2d 786, 788 (Tex.App.1998) (same); *Kaiser v. Suburban Transp. Sys.,* 65 Wash.2d 461, 398 P.2d 14, 17 (1965) (same); *cf. McCall v. Wilder,* 913 S.W.2d 150, 154–55 (Tenn.1995) (vacating summary judgment for the driver where evidence existed that the driver's loss of consciousness was foreseeable but emphasizing that generally a driver is not liable where a sudden loss of consciousness was unforeseeable).

4. In *Randle v. Allen,* 862 P.2d 1329 (Utah 1993), the Utah Supreme Court overturned *Porter* holding that the unavoidable accident jury instruction may not be given in any case. *Id.* at 1336. Specifically, the court held that "[t]he unavoidable accident instruction ... circumvents proper application of [the elements of a cause of action for negligence] and to that extent allows the jury to reach a result without following the principles set out in the usual negligence instructions." *Id.* at 1335.

seizure prior to the accident does not have any support in medicine, science, or logic, and, therefore, cannot create a genuine factual dispute sufficient to defeat Defendant's motion for summary judgment. However, Plaintiffs argue that summary judgment is not appropriate because Plaintiffs have demonstrated a prima facie negligence case, and that there is a factual dispute as to the timing of Ms. Michel's seizure. Plaintiffs further assert that Defendant has the burden to prove the affirmative defense of sudden incapacitation and has failed to do so. Conversely, Defendant argues that it has no heightened burden to either plead or prove sudden incapacitation in a negligence case because it is demonstrated through the "elements of negligence and burden of proof." *Randle v. Allen*, 862 P.2d 1329, 1336 (Utah 1993).

▇ Ordinarily, the issue of breach of a legal duty is a factual question for the jury. *Kitchen v. Cal Gas Company, Inc.*, 821 P.2d 458, 461 (Utah Ct.App.1991). Therefore, "summary judgment is generally improper ... and only in clear-cut cases, with the exercise of great caution, should a court take the issue of negligence from the province of the jury." *Id.* However, a party may not overcome a motion for summary judgment by relying on simple allegations of negligence without raising genuine issues of material fact. *Id.* " 'Naked assertions of negligence, unsupported by any facts whatsoever ... [fall] far short of raising a material issue of fact on the issue of negligence.' " *Id.* (quoting *Massey v. Utah Power & Light*, 609 P.2d 937, 938–39 (Utah 1980)).[5]

---

5. *See, e.g., Long v. Smith Food King Store*, 531 P.2d 360, 361–62 (Utah 1973) (finding summary judgment for defendant appropriate where pleadings and depositions demonstrated no negligence or omission of duty of care); *Dybowski v. Ernest W. Hahn, Inc.*, 775 P.2d 445, 446–47 (Utah Ct.App.1989) (holding summary judgment in a slip and fall case appropriate where customer could not present any evidence that defendant had acted negligently); *Robinson v. Intermountain Health Care, Inc.*, 740 P.2d 262, 266 (Utah Ct.App.1987) (finding summary judgment proper on issue of negligence where plaintiff did not present expert testimony in medical malpractice case).

The critical issue in this case is not whether Ms. Michel suffered a seizure but at what point in time she suffered the seizure. While it appears that this case exemplifies the classic battle of the experts, under the Federal Rules of Evidence, an expert's opinion must have some basis grounded in fact and must be supported by reliable scientific methods. Fed.R.Evid. 702; *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Furthermore, under *Daubert*, the district court must exclude expert testimony that is no more than "subjective belief or unsupported speculation." *Id.* Additionally, as the Tenth Circuit stated, "[i]t is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate." *Goebel v. Denver and Rio Grande Western Railroad Company*, 215 F.3d 1083, 1088 (10th Cir.2000).

▇ Whether Plaintiffs must prove that Ms. Michel breached her duty of care through the elements of negligence or Defendant must prove that she did not through an affirmative defense, in either scenario, both parties must demonstrate that their experts have some factual basis, grounded in the scientific method, for their respective opinions. *See Daubert*, 509 U.S. at 590, 113 S.Ct. 2786. In this case, Plaintiffs' have failed to provide any support for their expert's opinion. Dr. Savia has offered no factual basis for his conclusion that Ms. Michel suffered the seizure after striking her head on the airbag. He has merely stated, without any support,

that he is 99.99 percent certain that Ms. Michel's seizure did not occur until after the accident. Dr. Savia's opinion that the seizure occurred from the impact of the airbag is not supported by any similar case studies or research on the subject. In fact, he acknowledged he was not aware of any such support. Conversely, both Drs. Matsuo and Caravati have provided factual bases grounded in accepted scientific methods for their opinions that Ms. Michel suffered an epileptic seizure prior to the accident causing her to drive the van off the road and into Mr. Solorio.

Therefore, this court concludes that Dr. Savia's opinion is no more than a subjective belief or unsupported speculation and it must exclude Dr. Savia's deposition testimony under *Daubert*. Consequently, Plaintiffs have not established that Ms. Michel breached her duty of care to Mr. Solorio, and this court finds that there are no genuine issues of material fact sufficient to defeat Defendant's motion for summary judgment. Accordingly, Defendant's motion for summary judgment is granted.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for summary judgment GRANTED.