*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 8**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

LANCER INSURANCE COMPANY,
*Appellant,*

*v.*

LAKE SHORE MOTOR COACH LINES, INC., JANNA CRANE, ELIZABETH
HUTCHISON, METTE SEPPI, TIFFANY THAYNE,
*Appellees.*

No. 20160244
Filed February 15, 2017

On Certification from the
United States District Court for the District of Utah
The Honorable Judge Jill N. Parrish
Case No. 2:14cv00785

Attorneys:

Barbara L. Maw, Park City, for appellant

Dallas B. Young, Michael D. Esplin, Trent V. Cahill,
Laura H. Cabanilla, Provo, for appellees

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE DURHAM, JUSTICE HIMONAS,
and JUSTICE PEARCE joined.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1  This case comes to us on certification from the United
States District Court for the District of Utah. The questions
presented concern the proper interpretation of Utah Code section
31A-22-303(l), which requires motor vehicle liability insurance
policies to "cover damages or injury resulting from a covered
driver of a motor vehicle" who suddenly and unforeseeably
becomes incapacitated. We interpret this provision to impose
strict liability on an insured driver, and to limit the driver's
liability to the coverage of the applicable insurance policy.

I

¶2 The personal injury claims at issue in the underlying federal case arise out of a bus accident that happened on October 10, 2009. The bus was driven by Debra Jarvis and owned by Lake Shore Motor Coach Lines, Inc. Jarvis experienced a sudden and unforeseeable loss of consciousness while driving back to Utah from a high school band competition in Idaho. Her loss of consciousness caused the bus to leave the roadway, hit a ravine, and roll over. Several passengers were injured in the crash.

¶3 The injured passengers included Janna Crane, Elizabeth Hutchison, Tiffany Thayne, and Mette Seppi. Each of these individuals filed separate lawsuits in the Fourth Judicial District Court in Utah seeking damages for their injuries. Crane and Hutchison filed motions for partial summary judgment, asserting that Lancer Insurance Co. (Lake Shore's insurer) was strictly liable for the passengers' injuries under Utah Code section 31A-22-303(1). Those motions were denied. In denying the motions, the state district court rejected the strict liability premise attributed by the passengers to Utah Code section 31A-22-303(1). Instead, the court held that the statute preserved the common-law "sudden incapacity" defense, under which Jarvis would not be liable for her sudden loss of consciousness and the injured parties could recover only upon a showing of fault.

¶4 These state cases are still pending. But they are not the cases before us here. For reasons not apparent on the record, Lancer Insurance filed a separate federal case after it succeeded in defending against the motions for summary judgment in state court. In the federal case, Lancer sought a declaratory judgment confirming the state district court's interpretation of Utah Code section 31A-22-303(1)—reinforcing the conclusion that this provision preserves the common-law "sudden incapacity" defense and thus requires proof of fault to sustain liability in this case.

¶5 The federal district court may have recognized the unusual procedural posture of this case—a federal declaratory judgment suit under review while parallel cases involving claims for money damages are still pending in state court (and subject to appeal). That posture presents a risk that a declaratory judgment in federal court could be undermined by an eventual—and conclusive—interpretation of state law by this court. Perhaps with that in

2

mind, the federal district court appropriately certified the following two questions to us: (1) whether Utah Code section 31A-22-303(1) imposes strict liability on an insured driver for damages to third parties resulting from the driver's unforeseeable loss of consciousness while driving; and (2) if so, whether the driver's liability is limited by the applicable insurance policy or by the applicable minimum statutory limit.

¶6    We agreed to accept these certified questions. We exercise our jurisdiction under Utah Code section 78A-3-102(1).

II

¶7    The injured parties seek to impose strict liability on an insured driver who experiences an unforeseeable loss of consciousness while driving. They base their claim on Utah Code section 31A-22-303(1). That provision requires that "a policy of motor vehicle liability coverage . . . shall . . . cover damages or injury resulting from a covered driver of a motor vehicle who is stricken by an unforeseeable paralysis, seizure, or other unconscious condition and who is not reasonably aware that paralysis, seizure, or other unconscious condition is about to occur to the extent that a person of ordinary prudence would not attempt to continue driving." UTAH CODE § 31A-22-303(1)(a)(v). It further provides that "[t]he driver's liability under Subsection (1)(a)(v) is limited to the insurance coverage." *Id*. § 31A-22-303(1)(b).

¶8    The parties offer competing views of these provisions. The injured parties interpret the statute to call for liability of an incapacitated driver without proof of negligence. They view the requirement of coverage and the reference to the "driver's liability" as a repudiation of the "sudden incapacity" defense recognized in our cases. *See Porter v. Price*, 355 P.2d 66, 67 (Utah 1960), *overruled in part on other grounds by Randle v. Allen*, 862 P.2d 1329 (Utah 1993); *Hansen v. Heath*, 852 P.2d 977 (Utah 1993). The insurance company, on the other hand, views the statute much more narrowly. It contends that the statute doesn't impose liability at all, but simply directs insurance companies to provide a certain kind of coverage.

¶9    We embrace the injured parties' view. We interpret section 303(1) to override the common-law "sudden incapacity" defense and to impose strict liability (at least in circumstances in which the driver has a liability policy with the coverage mandated by the

statute). And we conclude that the driver's liability is capped by the limits set forth in the applicable insurance policy.

A

¶10 Years ago this court embraced the so-called "sudden incapacity" defense. *See Porter*, 355 P.2d at 68; *Hansen*, 852 P.2d at 978 n.2. That defense precludes liability for "a person driving an automobile" who is "suddenly stricken by an illness" that "makes it impossible" for the driver to "control the car" and that the driver "has no reason to anticipate." *Hansen*, 852 P.2d at 978 n.2.

¶11 Utah Code section 31A-22-303(1) was enacted against the backdrop of these cases. This statute announces two key premises: a requirement of insurance coverage (for "damages or injury resulting from a covered driver of a motor vehicle who is stricken by an unforeseeable paralysis, seizure, or other unconscious condition," UTAH CODE § 31A-22-303(1)(a)(v)), and a limitation of liability (confining the "driver's liability" to the "insurance coverage," *id*. § 31A-22-303(1)(b)).

¶12 We view these provisions as overriding the common-law "sudden incapacity" defense—at least in a case in which the coverage provided by statute is in place[1]—and thus as subjecting a covered driver (and by extension the insurer) to strict liability. Granted, and as Lancer Insurance notes, the statute nowhere refers to a principle of "strict liability." The principal mandate of the statute is a requirement of *insurance coverage*, not an express articulation of a duty or standard of liability in tort. And this would have been an easier case if the legislature had spoken more explicitly. But that is true in most any case of any difficulty. *See In re Estate of Hannifin*, 2013 UT 46, ¶¶ 24–27, 311 P.3d 1016. Thus, the legislature's failure to speak more clearly doesn't tell us much—except that we're presented with a case requiring our careful construction of the statutory text. *Id*.

¶13 We interpret the text to call for strict liability and to override the common-law principle of sudden incapacity. We do

---

[1] We need not and do not decide here whether a driver *without* the coverage required by statute would sustain liability, or whether any such liability would be limited in any way. Those questions are simply not presented here, and we accordingly offer no view on their proper disposition.

so primarily on the basis of the canon of independent meaning—or its converse, the presumption against surplusage. *See Hi-Country Prop. Rights Grp. v. Emmer*, 2013 UT 33, ¶ 24, 304 P.3d 851 (rejecting a view of a statute on the ground that it would violate "the presumption of independent meaning . . . and/or its converse, the presumption against surplusage"). This canon presumes that each provision of a statute has meaning independent of all others. It expresses, in other words, a reluctance to attribute to the legislature the intent to adopt a nullity—to enact a provision that says nothing not already stated elsewhere.

¶14 Surplusage is hardly unheard-of. Legislation may include surplus terms aimed at underscoring an important point. With that in mind, courts may view a few isolated words as simply reiterating what is stated elsewhere—as a reinforcement in an abundance of caution. *See Bank of Hamilton v. Dudley's Lessee*, 27 U.S. 492, 502 (1829) (concluding that a statute's "general clause" repealing "all laws contrary to its provisions . . . was added, *ex abundante cautela*, to guard against collision"). But this inference is difficult (if not impossible) where the would-be surplusage represents the entirety of a statutory mandate. Where that is the case the presumption of independent meaning is at its strongest, as it seems hard to attribute to the legislature the intent to adopt a statutory mandate that has no operative effect.

¶15 And that is our conclusion here. The legislature enacted a requirement that all motor vehicle liability insurance policies "cover damages or injury resulting from a covered driver of a motor vehicle who is stricken by an unforeseeable paralysis, seizure, or other unconscious condition." UTAH CODE § 31A-22-303(1)(a)(v). Yet that mandate would be a complete nullity—a requirement of insurance coverage for damages that could never be awarded—if we embraced Lancer's view of the statute. And we decline to read this provision as a nullity.

¶16 The required insurance coverage overlaps precisely with the common-law sudden incapacity defense.[2] So unless the

---

[2] *Compare* UTAH CODE § 31A-22-303(1)(a)(v) ("[A] policy of motor vehicle liability coverage . . . shall . . . cover *damages or injury* resulting from a covered *driver of a* motor vehicle *who is stricken by* an unforeseeable *paralysis*, seizure, or other *unconscious* condition and who is not *reasonably aware that* paralysis, seizure,

required coverage also implies an imposition of liability, the legislature would have to be understood to have issued a mandate that has no operative effect. We find no basis for that conclusion. The express requirement of insurance coverage is best understood as an implicit repudiation of the common-law doctrine of sudden incapacity (and an imposition of strict liability).

¶17 That conclusion is reinforced by the separate statutory reference to the "driver's liability," which is limited to the available "insurance coverage." UTAH CODE § 31A-22-303(1)(b). It would make no sense to refer to a driver's liability for sudden incapacity if such liability could never attach. And again this provision would be a nullity if we adopted Lancer's construction—as there would be no point in a limitation of liability to the available "insurance coverage" if such liability is foreclosed as a matter of law by the sudden incapacity defense.

¶18 For these reasons we conclude that Utah Code section 31A-22-303(1) overrules the common-law doctrine of sudden incapacity in a manner imposing strict liability on a driver (and by extension, the driver's insurer). At least in a case in which the mandated coverage is present, *see supra* ¶ 12 n.1, we conclude that an injured party has a claim for strict liability under the terms of the statute.

B

¶19 That leaves the second question certified by the federal district court—whether the insured driver's liability is limited to the amount of insurance coverage available under the driver's liability policy or instead to the minimum amount of coverage mandated by the general policy limit statute. This question has a straightforward answer in the terms of the statute. By statute,

---

or other unconscious condition is about to occur *to the extent that a person of ordinary prudence would not attempt to continue driving.*") (emphasis added) *with Porter v. Price*, 355 P.2d 66, 68 (Utah 1960) (upholding a jury instruction that "[a] *driver of an* automobile *who is stricken by paralysis,* seized by a fit or otherwise rendered *unconscious* and who still continues to drive while unconscious and causes *damages or injury* to another cannot be held responsible therefor unless he was *reasonably aware that* he was about to lose consciousness *to the extent that a person of ordinary prudence would not attempt to continue driving*" (emphases added)).

"[t]he driver's liability under Subsection (1)(a)(v) is limited to the insurance coverage." UTAH CODE § 31A-22-303(1)(b). We see no way to read these words as incorporating the amount of minimum coverage required by the general policy limit statute. *See* UTAH CODE § 31A-22-304. The driver's liability is expressly "limited to the insurance coverage."

¶20  We interpret the statute to mean what it says: A driver (and by extension her insurer) is subject to liability only up to the amount of the insurance coverage available under an applicable policy. Thus, Utah Code section 31A-22-303(1) overrules the common-law doctrine of sudden incapacity to only a limited extent—to the extent of available insurance coverage.

———————